UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

CATHERINE V. SIKORSKI and JOHN SIKORSKI,   :   **07 – CIV - 3906 (CLB) (LMS)**

               Plaintiffs,   :

  -against-   :

FULTON CHEVROLET-CADILLAC CO., INC.,   :   **HON. CHARLES L. BRIEANT,**
FULTON CHEVROLET CO., INC., HIGH POINT       **U.S. District Judge**
CHEVROLET, INC., FULTON/HIGH POINT   :
CHEVROLET GROUP HEALTH BENEFIT PROGRAM,
SIEBA, LTD., AVEMCO INSURANCE COMPANY and   :
AVEMCO INSURANCE AGENCY, INC.,
                  :

               Defendants.   :

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – –


## MEMORANDUM OF LAW


                      **Respectfully submitted,**
    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
                **Attorneys for Defendants**
                **AVEMCO INSURANCE COMPANY and**
                **AVEMCO INSURANCE AGENCY, INC**
                **150 East 42nd Street**
                **New York, New York 10017-5639**
                **(212) 490-3000**
                **File No. 06951.00024**


**Of Counsel:**
        Steven Kent (SK-7209)

# TABLE OF CONTENTS

**Page**

STATEMENT OF FACTS .................................................................................... 1

SUMMARY OF ARGUMENT ............................................................................. 3

LEGAL ARGUMENT ........................................................................................... 4

POINT I
COUNT 4 OF THE COMPLAINT, THE ERISA CLAIM AGAINST
AVEMCO, MUST BE DISMISSED BECAUSE AVEMCO IS NOT
A PROPER DEFENDANT IN THIS ACTION ..................................................... 4

ERISA Claims Cannot Be Asserted Against The Carrier ..................................... 5

POINT II
COUNTS 2 AND 3, THE STATE COMMON LAW
CONTRACTUAL CLAIMS AGAINST AVEMCO,
ARE PREMPTED BY ERISA AND MUST BE DISMISSTED ............................. 8

POINT III
PLAINTIFFS HAVE NO STANDING UNDER NEW YORK LAW AS THIRD-PARTY
BENEFICIARIES TO SUE THE PLAN'S STOP-LOSS CARRIER PURSUANT
TO COUNTS 2 AND 3 ...................................................................................... 10

Plaintiffs Are Not Insureds, the Policy Holder,
or Legitimate Third Party Beneficiaries of the Policy ......................................... 12

There Is No Coverage Because the Claims Were Not Paid
During the Policy Period .................................................................................... 14

POINT IV
THE INSURANCE AGENT IS NOT LIABLE BECAUSE THE
POLICY WAS ISSUED BY THE INSURANCE COMPANY ............................. 14

POINT V
PLAINTIFFS' CLAIMS ARE BARRED BY THE 2 YEAR
LIMITATION PERIOD IN THE STOP-LOSS POLICY ..................................... 15

POINT VI
AVEMCO IS ENTITLED TO BE INDEMNIFIED BY THE
PLAN SPONSORS FOR ITS ATTORNEYS FEES AND LEGAL COSTS .......... 16

i

CONCLUSION ................................................................................................................ 17

# TABLE OF AUTHORITIES

## CASES

Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004)..................................................9

Allstate Insurance Co. v. Administratia Asigurarilor De Stat, 875 F. Supp. 1022
    (S.D.N.Y. 1995)...................................................................................................13

Bernheim v. Litt, 79 F.3d 318 (2d Cir. 1996) .....................................................4

Capital Mercury Shirt Corp. v. Employers Reinsurance Corp., 749 F. Supp. 926
    (W.D. Ark. 1990)...................................................................................................8

Chambers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002)............................5

China Union Lines, Ltd. v. American Marine Underwriters, Inc., 755 F.2d 26 (2d
    Cir. 1985)...........................................................................................................13

Cortec Industries v. Sum Holding L.P., 949 F.2d 42 (2d Cir. 1991) ...................4

Crocco v. Xerox Corp., 137 F.3d 105, 107 (2d Cir. 1998)..............................6,7

First National Insurance Co. of America v. Joseph R. Wunderlich, 358 F. Supp.
    2d 44 (N.D.N.Y. 2004), aff'd., 2005 U.S. App. LEXIS 6580 (2d Cir. 2005)..............17

Fliegman v. Traveler's Property Cas. Ins. Co., 15 A.D.3d 536 (2d Dep't 2005) ...............13

Grumman Corp v. Travelers Indemnity Co., 288 A.D.2d 344 (2d Dep't 2001) ...............16

Guiles v. Metropolitan Life Insurance Co., Civ. No. 00-5029, 202 WL. 229696
    (E.D.Pa. 2002)........................................................................................................6

Holtzberg v. Mutual Life Insurance Co, of New York, 104 A.D.2d 972 (2d Dep't
    1984) ...................................................................................................................14

Humm v. Lombard World Trade, Inc., 916 F. Supp. 291 (S.D.N.Y. 1996) ......................15

Leonelli v. Pennwalt Corp., 887 F.2d 1195 (2d Cir. 1998) ..................................6

In Re Liquidation of Union Indemnity Insurance Co. of N.Y., 200 A.D.2d 99 (1st
    Dep't), aff'd, 89 N.Y.2d 94 (1994) ..........................................................................13

Lori Kay Golf, Inc. v. Lassner, 61 N.Y.2d 722 (1984).........................................17

2877337.1

Madiera v. Affordable Housing Foundation, Inc., 315 F. Supp. 2d 504 (S.D.N.Y. 2006) ............................................................................................................13

McGarry v. Miller, 158 A.D.2d 327 (1st Dep't 1990) ........................................15

Nechis v. Oxford Health Plans, Inc., 328 F. Supp. 2d 469, 477 (S.D.N.Y. 2004), aff'd, 421 F.3d 96 (2d Cir. 2005) ..................................................................7

Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 44 (1987), 43, 45, 47 .......8, 9

Schachter v. Royal Insurance Co. of America, 21 A.D. 3d 1024 (2d Dep't 2005) ...........16

Scutti Enterprises, LLC v. Park Place Entertainment Corp., 322 F.3d 211 (2d Cir. 2003) ..............................................................................................................4

Seneca Beverage Corp. v. Healthnow New York, Inc., 04-CV-6081 (CJS) Sept. 15, 2004 (W.D.N.Y.) .....................................................................................7

Steger v. Delta Airlines, Inc., 382 F. Supp. 2d 382 (E.D.N.Y. 2005) ................7

Tribecca Broadway Associates, LLC v. Mt. Vernon Fire Ins. Company, 5 A.D.3d 198, 200 (1st Dep't 2004) ..............................................................................13

Turner Construction Co. v. Seaboard Surety Co., 85 A.D.2d 325 (1st Dep't 1982)..........13

Unigard Securities Insurance Co. v. North River Insurance Co., 4 F.3d 1049 (2d Cir. 1993) ....................................................................................................13

Union Healthcare, Inc. v. John Alden Life Insurance Co., 908 F. Supp. 429 (S.D. Miss. 1995) .....................................................................................................8

Wydallis v. U.S. Fidelity & Guaranty Co., 63 N.Y.2d 872 (1984) ...................16

**STATUTES**

29 U.S.C. § 1002(16) ...........................................................................................6

29 U.S.C. §1132(d)(2) .........................................................................................5

Section 502(a)(1)(B) of ERISA (29 U.S.C. Section 1132(a)(1) ..........................5

Federal Rule of Civil Procedure 12(b)(6) ...........................................................2

Federal Rule of Civil Procedure of 12(b)(6) .......................................................4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – – – – – – – – –

CATHERINE V. SIKORSKI and JOHN SIKORSKI,    :    **07 – CIV - 3906 (CLB) (LMS)**

              Plaintiffs,    :

    -against-    :    **HON. CHARLES L. BRIEANT,
U.S. District Judge**

FULTON CHEVROLET-CADILLAC CO., INC.,    :
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGH POINT    :
CHEVROLET GROUP HEALTH BENEFIT PROGRAM,
SIEBA, LTD., AVEMCO INSURANCE COMPANY and  :
AVEMCO INSURANCE AGENCY, INC.,
    :
              Defendants.

– – – – – – – – – – – – – – – – – – – – – – – – – – – –

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS AVEMCO INSURANCE <u>COMPANY AND AVEMCO INSURANCE AGENCY, INC.</u>

### <u>Statement of Facts</u>

On May 19, 2007, plaintiffs Catherine and John Sirkorski ("Plaintiffs") commenced this action by filing a complaint ("Complaint") against, among others, Mr. Sirkorski's former employer, Fulton Chevrolet-Cadillac, Co., Inc., Fulton Chevrolet Co., Inc. and High Point Chevrolet, Inc. ("Employer") and the Fulton/High Point Chevrolet Group Health Benefit Program, an employee benefit plan ("Plan") sponsored and maintained by the Employer. A copy of the Complaint is annexed as Exhibit "A" to the accompanying affidavit of Steven Kent submitted in support of this motion ("Kent. Aff.").

The Complaint seeks to recover medical benefits in the amount of $431,636.42, representing the medical expenses, fees and costs Plaintiffs incurred for surgeries, hospitalizations, treatments and testing performed upon plaintiff Catherine Sikorski. Complaint

¶¶ 1, 36. Plaintiffs allege the Employer terminated Plaintiffs' rights under the Plan and thereafter refused or failed to pay the aforementioned medical expenses, fees and costs, in violation of the Employees Retirement Income Security Act of 1974 ("ERISA") and state common law. Complaint ¶¶ 6, 28.

Additionally, the Complaint names as a defendant Sieba Ltd. ("Sieba"), alleging Sieba acted as third-party administrator and service provider to the Plan with respect to approving and paying the medical services provided to Plan participants, including Plaintiffs. Complaint ¶¶ 14, 26, 27.

The Complaint also names as defendants the Avemco Insurance Company, an insurance carrier which provides so-called "stop-loss" insurance to the Plan's sponsor, and Avemco Insurance Agency, Inc., who acted as agent to the insurance carrier. Complaint ¶¶ 1, 15. These two defendants, who now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), are hereinafter collectively referred to as "Avemco". According to the Complaint, the stop-loss coverage obligated the carrier to reimburse the Plan sponsor for medical expenses, fees and costs incurred and paid by the Plan during the effective period of coverage. Complaint ¶¶ 15, 44.

The Complaint sets forth four claims for relief. The second, third and fourth claims are asserted against Avemco. The second claim, for breach of contract, asserts Plaintiffs are "third-party beneficiaries" under the policy issued to the Plan sponsor, and seeks to recover from Avemco, the carrier, the medical benefits the Plan did not pay to Plaintiffs. Complaint ¶¶45, 46.

Plaintiffs' third claim, for specific performance, asserts Plaintiffs are third-party beneficiaries under Avemco's policy, and seeks judgment declaring Avemco liable for the payment of Plan medical benefits. Complaint ¶50.

2

The fourth claim, for specific performance pursuant to ERISA and the Federal Declaratory Judgment Act, seeks judgment declaring the defendants, including Avemco, liable for the Plan's medical benefits. Complaint ¶53.

### Summary of Argument

As will be demonstrated below, only the Plan, and the Plan's administrator and trustees, can be held liable under ERISA for an improper denial of medical benefits. Since the Complaint does not allege that Avemco is an ERISA plan, or an administrator or trustee of an ERISA plan, the fourth claim for relief against Avemco, seeking specific performance pursuant to ERISA and the Federal Declaratory Judgment Act, must be dismissed.

Similarly, the second and third claims for relief, for breach of contract and specific performance, based upon Plaintiffs alleged status as "third-party beneficiaries" under the Avemco stop-loss policy, must be dismissed. There is no privity of contract between Avemco, the carrier for the Plan's sponsors, and Plaintiffs, who are not named as insureds or loss-payees in the policy.

Alternatively, the claims for breach of contract and specific performance, which set forth state law claims, are pre-empted by ERISA, and therefore should be dismissed pursuant to the doctrine of federal pre-emption.

The Complaint also should be dismissed because the policy contains a 2 year limitation period for commencing lawsuits, and the claims against Avemco, dating from 2002, are almost 5 years old. Further, the policy only provides for the reimbursement of medical benefits to the Plan which were (1) incurred between January 1, 2002 and July 31, 2002, and (2) actually paid by the Plan between April 1, 2002 and July 31, 2002. Since Plaintiffs admit in their pleading that the Plan **did not pay** the claims during the effective period of coverage, Avemco is under no

obligation to reimburse the Plan (or the Plaintiffs), and the claims against Avemco should be dismissed.

Avemco Insurance Agency, Inc. should be dismissed from this action, as it was not a party to the policy and was acting as an agent for a disclosed principal, Avemco Insurance Company.

Lastly, Avemco seeks an order of this Court which directs the Plan's sponsor to indemnify Avemco, pursuant to the policy's indemnification clause, for any and all attorney fees and legal costs incurred by Avemco in defending this action.

## LEGAL ARGUMENT

### POINT I

### COUNT 4 OF THE COMPLAINT, THE ERISA CLAIM AGAINST AVEMCO, MUST BE DISMISSED BECAUSE AVEMCO IS NOT A PROPER DEFENDANT IN THIS ACTION

Federal Rule of Civil Procedure of 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim on which relief can be granted." In deciding such a motion, the court must take the allegations in the complaint to be true and "draw all reasonable inferences in favor of the plaintiff." Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). A complaint will not be dismissed unless "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitle him to relief." Scutti Enterprises, LLC v. Park Place Entertainment Corp., 322 F.3d 211, 214 (2d Cir. 2003).

When considering a motion to dismiss, the court may not only look to the complaint's allegations, but also to "any written instrument attached to it as an exhibit or any statement of documents incorporated in the complaint by reference." Cortec Industries v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). In addition, plaintiff's reliance upon a particular document in

4

drafting a complaint allows the Court to consider that document in deciding a motion to dismiss. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

In this action, the Complaint refers to a policy between Avemco and the Plan's sponsor. See Complaint ¶¶ 1, 15. A copy of the policy referenced in the Complaint is annexed as Exhibit "B" to the Kent Aff.

The Complaint also refers to the "employee welfare benefit plan", which the Employer sponsored and maintained until the Plan was terminated by the Employer effective July 31, 2002. See Complaint ¶¶ 1, 10, 19, 28, 29. A copy of the Plan referenced in the Complaint is annexed as Exhibit "C" to the Kent Aff.

Accordingly, the Court can consider and refer to both the policy and the Plan, as well as the Complaint itself, when deciding this motion to dismiss.

**ERISA Claims Cannot Be Asserted Against The Carrier**

This action is brought against the Employer, the Plan, the Plan's administrator (co-defendant Sieba), and also against Avemco, the Plan's carrier and an insurance agent. The ERISA claim is brought pursuant to Section 502(a)(1)(B) of ERISA (29 U.S.C. Section 1132(a)(1) and (B)), which in relevant part states:

> A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan . . .

> Also relevant is § 502(d)(2) of ERISA, which provides:

> Any money judgment under the subchapter against an employee benefit plan shall be enforceable but only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter.

29 U.S.C. §1132(d)(2).

5

It is well settled that where a recovery of benefits is sought pursuant to §502 of ERISA, "only the plan and the administrators and trustees of the plan, in their capacity as such may be held liable." Crocco v. Xerox Corp., 137 F.3d 105, 107 (2d Cir. 1998); Leonelli v. Pennwalt Corp., 887 F.2d 1195 (2d Cir. 1998). "Clearly and unambiguously ( §502) provides that the plan is the only entity against whom claims for benefits under the plan may be brought". Guiles v. Metro Life Insurance Co., Civ. No. 00-5029, 2002 WL 229696 (E.D.Pa. 2002).

In this action, the Complaint fails to allege that Avemco is an employee benefit plan, a trustee of a plan, or an administrator of a plan. In fact, the Complaint, at ¶ 1 (Kent Aff. Exhibit "A"), identifies the Plan itself as a defendant. The Complaint does not allege that the Plan appointed or designated a trustee to the Plan. The Complaint does allege, at ¶14, that co-defendant Sieba served as the Plan's third-party administrator, providing the services necessary to approve and pay for the medical services provided to Plan participants.

ERISA defines an "Administrator" as:

> (i) The person specifically so designated by the terms of the instrument under which the Plan is operated; (ii) if an Administrator is not so designated, the Plan sponsors, or (iii) in the case of a Plan for which an Administrator is not designated and a Plan sponsor cannot be identified, such other person as a Secretary made by regulation prescribed.

See 29 U.S.C. § 1002(16)(a).

In this regard, the policy also specifically identified co-defendant Sieba as the Plan's third-party administrator. See the application, which is attached as part of Kent Aff. Exhibit "B", at page 1, item 8.

The policy also contains a "Disclaimer" statement which confirms that Avemco did not act as an administrator or fiduciary to the Plan. In relevant part, the disclaimer states:

> We [Avemco] are not a fiduciary. We do not assume any obligation to perform any of the functions or provide any of the reports required by the

6

2840829.1

Employee Retirement Income Security Act of 1974, as amended from
time to time.

See Kent Aff. Exhibit "B", at page 21, A.

In most cases, the plan's administrator is the person designated the "administrator" in the
plan document. Crocco, supra, 137 F.3d at 107. If no administrator is designated, the employer
is deemed the "default sponsor" of the plan. Nechis v. Oxford Health Plans, Inc., 328 F.Supp. 2d
469, 477 (S.D.N.Y. 2004), aff'd, 421 F.3d 96 (2d Cir. 2005). In this regard, a party may not be
designated a de facto administrator of a plan merely because the party provides services to the
plan. Crocco, supra, 137 F.3d at 107.

Based upon the foregoing considerations, Avemco is not a proper defendant to the
ERISA claim in this action because the Complaint does not allege that Avemco is a "plan", and
also does not allege Avemco is an administrator or trustee of the Plan. According to the
allegations in the Complaint, the Plan designated co-defendant Sieba to serve as administrator to
the Plan.

Avemco, on the other hand, merely provided insurance coverage to the Plan sponsor. See
Complaint ¶15. Avemco is therefore not a proper defendant, in part because "if no administrator
is named, the default administrator shall be the employer." Nechis supra, 328 F. Supp. 2d at
477; Steger v. Delta Airlines, Inc., 382 F. Supp. 2d 382 (E.D.N.Y. 2005). It is also noteworthy
that the Employer, the Plan Sponsor, the administrator to the Plan (Sieba) and the Plan itself, are
all named as defendants in this action.

Not surprisingly, in the numerous cases that have considered whether a carrier is a proper
defendant in an ERISA action, the cases have uniformly held that a carrier is not a plan fiduciary
(i.e. is not a trustee), and is thus not a proper defendant to an ERISA claim. See, for example,
Seneca Beverage Corp. v. Healthnow New York, Inc., 04-CV-6081 (CJS), September 15, 2004

7

(W.D.N.Y.); <u>Union Healthcare, Inc. v. John Alden Life Insurance Co.</u>, 908 F. Supp. 429 (S.D.

Miss. 1995); <u>Capital Mercury Shirt Corp. v. Employers Reinsurance Corp.</u>, 749 F. Supp. 926,

931 (W.D. Ark. 1990).

Since the Plan, the Plan Sponsor and the Plan administrator are the only proper

defendants in this action with respect to a §502(a)(1)(b) ERISA claim for benefits, the Avemco

defendants, an insurance carrier and insurance agent, are not proper defendants and should be

dismissed from Count 4 of the Complaint.

## POINT II

### COUNTS 2 AND 3, THE STATE COMMON LAW CONTRACTUAL CLAIMS AGAINST AVEMCO, ARE PREMPTED BY ERISA AND MUST BE DISMISSED

When ERISA was first enacted in 1974, it was Congress's intent to establish a

comprehensive legislative scheme for the regulation of employee welfare benefit plans providing

medical, surgical or hospital benefits in the event of a plan participant's sickness, accident,

disability or death. <u>Pilot Life Insurance Co. v. Dedeaux</u>, 481 U.S. 41, 44 (1987).

Congress included within the ERISA statutory scheme a pre-emption provision which

was made deliberately expansive and was designed, according to the Supreme Court, to

"establish pension plan regulation as an exclusively Federal concern." <u>Pilot Life</u>, <i>supra,</i> 481

U.S. at 45.

According to the Supreme Court, if a claim is brought under state statutory or common

law, and the claim "relates to" an employee benefit plan, such claim is deemed pre-empted by

ERISA and must be dismissed, unless the state law at issue "regulates insurance." <u>Pilot Life</u>,

<i>supra</i>, 481 U.S. at 45. In this regard, the Court reads the phrase "relates to" expansively and

according to a broad common-sense meaning. Thus, a state common law or statutory claim shall

2840829.1

be "deemed to relate to an employee benefit plan" if it has any connection with, or any reference to, such a plan. Id., at 47.

In Aetna Health, Inc. v. Davila, 542 U.S. 200 (2004), the Supreme Court amplified its holding in Pilot Life by ruling that any state law claim which "duplicates, supplements or supplants" an ERISA civil enforcement remedy is pre-empted and must be dismissed. Id., 542 U.S. at 209.

In Pilot Life and Aetna Health the Supreme Court specifically examined whether the broad pre-emption provision of ERISA pre-empts state common law tort and breach of contract claims which are based upon the wrongful processing of claim benefits. Pilot Life, *supra*, 481 U.S. at 43. In holding that state common law claims seeking to recover plan benefits unquestionably meet the criteria for pre-emption, the Supreme Court noted that Congress intended ERISA's civil enforcement provisions to be the exclusive legal vehicle for actions brought by plan participants seeking to recover medical benefits from ERISA plans. Id. at 52.

In this action, Plaintiffs assert state law claims, Counts 2 and 3, for breach of contract and specific performance as third-party beneficiaries under Avemco's stop-loss policy. The state common law claims unquestionably relate to an ERISA regulated employee benefit plan. These claims therefore fall squarely within ERISA's broad pre-emption clause. First, Plaintiffs plead they were participants in an ERISA plan. Complaint ¶¶14, 20 (Kent Aff. Exhibit "A"). Second, the state law claims asserted by Plaintiffs all relate to an alleged improper denial of Plaintiffs' claim for medical benefits under the Plan. Complaint ¶¶ 44, 46, 49, 50. Count 1 under ERISA and Count 4 under ERISA both allege the defendants violated ERISA by failing to pay full medical benefits to Plaintiffs. Complaint ¶¶ 40, 52. Counts 2 and 3, the state law claims, allege that Avemco is liable to Plaintiffs for breach of contract and specific performance, since

Plaintiffs are third-party beneficiaries to the stop-loss policy, and are thus entitled to recover full medical benefits. Complaint ¶¶ 45, 53.

Because the state law claims in Counts 2 and 3 clearly duplicate, supplement or supplant the statutory remedies provided under ERISA, which are the subject of Counts 1 and 4 of the Complaint, the state law claims are pre-empted and must be dismissed.

## POINT III

### PLAINTIFFS HAVE NO STANDING UNDER NEW YORK LAW AS THIRD-PARTY BENEFICIARIES TO SUE THE PLAN'S STOP-LOSS CARRIER PURSUANT TO COUNTS 2 AND 3

In the event the Court finds no preemption, the state law claims against Avemco still must be dismissed. The Complaint alleges, at ¶ 15, that the Plan and the Employer entered into a contract with Avemco to provide excess insurance. This coverage was intended to **reimburse** the Plan sponsor for any medical expenses, fees and costs **actually paid** by the Plan on behalf of Plan participants above a specific deductible.

### The Policy

The insurance at issue here is evidenced by the Avemco policy entitled "Aggregate and/or Individual Excess Loss Insurance" issued to "Fulton Chevrolet/High Point Chevrolet", co-defendants in this action. The policy became effective April 1, 2002 and was due to expire on March 31, 2003. See Kent Aff. Exhibit "B", at page 1. However, the policy was cancelled by the Plan sponsor, effective July 31, 2002. See Complaint ¶¶ 28, 29.

The policyholder is listed in the policy as "Fulton Chevrolet/High Point Chevrolet". Only the policyholder, who is also referred to as the "Plan Sponsor" in the policy (see page 4 of the policy, Kent Aff. Exhibit "B"), is entitled to be reimbursed for medical expenses paid by the plan above a specific deductible. See generally Section 3 of the policy, entitled "Individual Excess Loss Insurance Benefits," at pages 6-10.

10

2840829.1

The policy provided for a $20,000 "Individual Deductible." See policy declaration page 2 of 2, item 2B. Upon paying the deductible, the Plan sponsor was entitled to reimbursement from Avemco under the policy for medical benefits the Plan has actually paid while the policy was in effect.

The policy, at Section 2 (on page 5 of the policy), entitled "Excess Loss Insurance", provides:

> Under the Excess Loss Insurance, We [Avemco] will **reimburse** a Plan Sponsor for Covered Expenses **paid** pursuant to a self-insured Employee Benefit Plan (Plan) to the extent the paid Covered Expenses for Covered Persons exceed an Individual and/or Aggregate Deductible. (emphasis added)

At subsection 3, at page 10, the policy similarly provides:

> We will **reimburse** the Plan Sponsor **for payments made** for Covered Expenses which exceed the Individual Deductible after We receive a request for **reimbursement**. (emphasis added)

See also, page 18 of the policy, "Claims Under The Contract", "Proof of Loss", and "Claims Under The Plan", which specify the Plan must first **pay** the medical benefits before such payments qualify for **reimbursement** under Avemco's policy.

The policy, at page 4, also sets forth the following definition of the terms "Pay, Paid, Payment":

> . . . charges that are covered and payable under Your Plan adjudicated and approved, check or draft issued and deposited in the U.S. Mail, other similar conveyance, or otherwise delivered to the payee, with adequate funds on deposit at time of presentation for payment. Our payments will not be made until all conditions are met.

Coverage "Option d", set forth on pages 7-8 of the policy, was elected by the Plan sponsor as the basis for reimbursement. See policy declaration page 1 of 2, item 1.B. "Option d" requires that in order for medical payments to qualify for reimbursement to the Plan, the

11

Plan's medical payment obligation must be "Incurred in the Contract Period or within three months prior to the Contract Period and Paid in the Contract Period."

Thus, where actual payments by the Plan qualify for reimbursement under "Option d", Avemco agreed to ". . . reimburse each Plan Sponsor at the percentage rate shown in the Plan Sponsor's Schedule of Insurance for Covered Expenses. . . which exceed the Individual Deductible, subject to the Individual Reimbursement Maximum for any one Covered Person."

**Plaintiffs Are Not Insureds, the Policy Holder,**
**or Legitimate Third Party Beneficiaries of the Policy**

As the aforementioned terms and conditions of the policy clearly provide, a Plan participant is not entitled to recover under the policy, since the participant is not named an insured in the policy and is not the policy holder. In contrast, only the Plan sponsor is entitled to be reimbursed under the policy, and only with respect to medical benefits incurred and actually paid by the Plan within the policy's dates of coverage, in compliance with "Option d". However, as set forth in the Complaint, the Plan has made no such payments to Plaintiffs, and therefore, Avemco is under no contractual obligation to make any reimbursement or payment to the Plan or the Plaintiffs.

Plaintiffs cannot succeed in this action as they are neither insureds nor the policyholder under the policy. Such third parties who are not named in a policy, including persons with claims against the insured, have no rights against the insurance company, since the claimant/third party has no direct relationship, contractual or otherwise, with the insurer. The claimant/third party is not entitled to recover directly from the insurance company, for example, where the insurer refuses to pay, or is unable to pay, its insured's claim. See Madiera v. Affordable Housing Foundation, Inc., 315 F.Supp.2d 504 (S.D.N.Y. 2006); Tribecca Broadway

Associates, LLC v. Mt. Vernon Fire Ins. Company, 5 A.D.3d 198, 200 (1st Dep't 2004) (party not named as insured on face of the policy is not entitled to coverage).

Such third parties, including Plaintiffs in this action, do not have standing under an insurance policy to pursue claims against or seek recovery from the insurer. Courts universally rule that such parties who are not named or listed in a policy lack standing to sue the insurer, since the policy is solely between the insurer and the insured, and confers no rights on third parties. See Unigard Securities Insurance Co. v. North River Insurance Co., 4 F.3d 1049 (2d Cir. 1993).

Under New York law, a party who is not named in the policy is not considered a valid "third-party beneficiary" under a typical insurance policy. Allstate Insurance Co. v. Administratia Asigurarilor De Stat, 875 F.Supp. 1022 (S.D.N.Y. 1995); In Re Liquidation of Union Indemnity Ins. Co. of N.Y., 200 A.D.2d 99 (1st Dep't), aff'd, 89 N.Y.2d 94 (1994). The courts have further uniformly ruled that such parties are not entitled to the creation of a constructive trust. See China Union Lines, Ltd. v. American Marine Underwriters, Inc., 755 F. 2d 26 (2d Cir. 1985); Allstate Insurance Co. v. Administratia Asigurarilor De Stat, supra; Turner Construction Co. v. Seaboard Surety Co., 85 A.D. 2d 325 (1st Dep't 1982).

Since the very insured, the Plan sponsor, is not entitled to coverage herein, Plaintiffs cannot recover under the policy based upon a purported derivative claim. Fliegman v. Traveler's Property Cas. Ins. Co., 15 A.D.3d 536 (2d Dep't 2005) (plaintiff has no greater rights than the insured under the policy). As a result, New York law does not recognize the third party beneficiary claims asserted by Plaintiffs.

**There Is No Coverage Because the Claims Were Not Paid During the Policy Period**

The policy, Section 1 at page 2 (Kent Aff. Exhibit "B"), indicates that "Covered Expenses" must first be "paid under the benefit plan", with such expenses having to be incurred between January 1, 2002 and March 31, 2003 and actually paid by the Plan between April 1, 2002 to March 31, 2003. However, due to the Plan sponsor's early cancellation, the policy terminated effective July 31, 2002. See Complaint ¶¶ 28, 29 (Kent Aff. Exhibit "A").

In Holtzberg v. Mutual Life Ins. Co. of New York, 104 A.D.2d 972 (2d Dep't 1984), the court dismissed a claim for insurance because the medical expenses at issue were not incurred until after the policy expired, similar to the case here. In this action, the Complaint fails to allege that the Plan sponsor ever paid the medical benefits at issue in this action or made a request to Avemco for reimbursement during the effective period of coverage. In fact, the Complaint expressly alleges the Plan did **not** pay the medical benefits at issue. See Complaint ¶36.

There is no coverage under the policy because the medical benefits were not paid by the Plan during the effective period of coverage; thus, the claims against Avemco must be dismissed.

## POINT IV

### THE INSURANCE AGENT IS NOT LIABLE BECAUSE THE POLICY WAS ISSUED BY THE INSURANCE COMPANY

The Complaint, at ¶1, improperly lumps together the insurance company and agent as "Avemco". The policy, however, was issued only by the insurer. See the policy, at page 1 (Kent Aff. Exhibit "B"), which identifies the carrier as the "Avemco Insurance Company," and contains no reference to the agent. Nowhere does the Complaint allege that the agent issued the policy or was a party to any contract with the Plan.

14

The breach of contract and specific performance claims against the agent should

therefore be dismissed, since the agent is not a party to the policy and was at all times acting on

behalf of a disclosed principal, namely the insurer.  See Humm v. Lombard World Trade, Inc.,

916 F. Supp. 291 (S.D.N.Y. 1996); McGarry v. Miller, 158 A.D. 2d 327 (1st Dep't 1990) (no

claim can be alleged against an insurance agent who was not party to the insurance contract and

was acting on behalf of a disclosed principal.)

## POINT V

## PLAINTIFFS' CLAIMS ARE BARRED BY THE 2 YEAR LIMITATION PERIOD IN THE STOP-LOSS POLICY

The policy, at page 18 (Kent Aff. Exhibit "B"), sets forth a 2 year limitation on the time

in which suit can be brought against the carrier:

> Legal Action – No legal action can be brought to recover under this Policy
> . . . after two years after the date proof of claim is required to be
> furnished.

The policy, at page 18, also contains the following time deadline with

respect to the filing of proofs of claim:

> Claims Under The Contract – written proof of claim must be submitted
> within 90 days after the end of the period for which claim is made.

In this case, the stop-loss policy was terminated by the Plan sponsor effective July 31,

2002.  Complaint ¶¶28, 29 (Kent Aff. Exhibit "A").  Accordingly, a proof of claim for these

medical benefits should have been submitted to Avemco within 90 days of July 31, 2002.  The

proof of claim therefore should have been submitted, at the very latest, by the end of October

2002.  This action, however, was not commenced until May 25, 2007, nearly five years after the

date the proof of claim had to be filed.

In <u>Grumman Corp v. Travelers Indemnity Co.</u>, 288 A.D. 2d 344 (2d Dep't 2001), the

court dismissed a breach of contract action commenced by an insured against its insurer,

because the action was not commenced until after the expiration of a 2-year limitation period set

forth in the policy.  <u>In</u> <u>accord</u>, <u>Schachter v. Royal Insurance Co. of America</u>, 21 A.D. 3d 1024

(2d Dep't 2005); <u>Wydallis v. U.S. Fidelity & Guaranty Co.</u>, 63 N.Y. 2d 872 (1984).

Accordingly, since Plaintiffs' action against Avemco was not commenced within the two

year limitation period set forth in the policy, this action against Avemco must be dismissed.

**POINT VI**

<u>**AVEMCO IS ENTITLED TO BE INDEMNIFIED BY THE**</u>
<u>**PLAN SPONSORS FOR ITS ATTORNEYS FEES AND LEGAL COSTS**</u>

The policy, at page 19 (Kent Aff. Exhibit "B"), provides as follows:

> <u>Liability and Indemnification</u> – Our liability under the Plan Sponsor's Contract is limited
> to reimbursing the Plan Sponsor, in accordance with the terms of this Policy for payments
> made for Covered Expenses under the Plan.  We are not liable for any costs which arise
> out of the contested claims under the Plan. . . .  The Plan Sponsor shall indemnify and
> save Us [Avemco] harmless from any and all claims, causes of action or damages of any
> kind not caused by Our acts or omissions.  The Plan Sponsor agrees to indemnify Us for
> all expenses, including attorneys' fees, incurred in defending claims or legal actions
> brought against Us by a person covered under the Plan.

In the Complaint, Plaintiffs allege they are persons who are covered under the Plan.  <u>See</u>

Complaint ¶¶ 17, 20.  Thus, the claims against Avemco in this action falls squarely within the

unambiguous indemnification provision set forth above.

Accordingly, the indemnified party, Avemco, is entitled to recover its attorneys fees and

legal expenses from the Plan Sponsor, namely co-defendants Fulton Chevrolet-Cadillac Co., Inc.,

Fulton Chevrolet Co., Inc., and High Point Chevrolet, Inc.  <u>See</u> <u>First National Ins. Co. of</u>

<u>America v. Joseph R. Wunderlich</u>, 358 F. Supp. 2d 44 (N.D.N.Y. 2004), <u>aff'd</u>., 2005 U.S. App.

LEXIS 6580 (2d Cir. 2005); <u>Lori Kay Golf, Inc. v. Lassner</u>, 61 N.Y. 2d 722 (1984).

16

The Court should therefore enter an order which directs co-defendants Fulton Chevrolet-Cadillac Co., Inc., Fulton Chevrolet Co., Inc., and High Point Chevrolet, Inc. to indemnify Avemco for its attorneys fees and legal costs in defending this action.

## CONCLUSION

The ERISA claim against Avemco, pursuant to Count 4 of the Complaint, should be dismissed because ERISA claims for medical benefits can only be pursued against an employee welfare plan, or the administrator or trustee of such a plan. Avemco is a carrier, not a proper defendant to the ERISA claim.

Plaintiffs' state law claims for breach of contract and specific performance, Counts 2 and 3, must also be dismissed, because (1) there is no privity of contract between Plaintiffs and Avemco; (2) under New York law, third-party beneficiaries are not entitled to coverage directly from insurers; and (3) ERISA pre-empts all state law claims.

Alternatively, Plaintiffs' claims against Avemco should be dismissed because there is no coverage available under the conditions of the policy which have not been met. The Plan never paid the medical benefits at issue during the policy period and is not entitled to reimbursement by Avemco; thus, third parties such as Plaintiffs do not have greater rights than the actual policyholder. In addition, the policy's 2 year limitation period for commencing suit bars this action.

The agent is also entitled to dismissal since it is not a party to the policy and at all times acted for a disclosed principal.

All claims asserted against Avemco in the action should therefore be dismissed on the various alternative grounds set forth above. Avemco also should be awarded attorneys fees and

17

legal costs against the Plan sponsor, based upon the policy's unambiguous indemnification

clause.


Dated:     New York, New York
            July 9, 2007



                            WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                            By: _____
                                Steven Kent (SK-7209)
                                Perry Kreidman (PK-1215)
                                Attorneys for Defendants
                                AVEMCO INSURANCE COMPANY and
                                AVEMCO INSURANCE AGENCY, INC
                                150 East 42nd Street
                                New York, New York 10017-5639
                                (212) 490-3000
                                File No. 06951.00024




TO:     RIDER, WEINER & FRANKEL, P.C.
          Attorneys for Plaintiffs
          655 Little Britain Road
          New Windsor, New York  12553
          (845) 562-9100

          BURKE, MIELE & GOLDEN, LLP
          Attorneys for Defendants
          Fulton Chevrolet-Cadillac Co., Inc.,
          Fulton Chevrolet Co., Inc.
          High Point Chevrolet, Inc. and
          Fulton/High Point Chevrolet
          Group Health Benefit Program
          30 Mathews Street
          Suite 303A
          P.O. Box 216
          Goshen, New York 10924
          (845) 294-4080


18

2840829.1

Sieba Ltd.
111 Grant Avenue
Suite 100
P.O. Box 5000
Endicott, New York

2840829.1

From:    Origin ID: OGSA   (212)490-3000
Valiana Freeman
Wilson Elser Moskowitz LLP
150 East 42nd Street

New York, NY 10017



Ship Date: 10JUL07
ActWgt: 1 LB
System#: 9703923/INET7061
Account#: S *********

CLS052007/2103

Delivery Address Bar Code



SHIP TO:   (845)562-9100          BILL SENDER

**Rider, Weiner & Frankel, PC**
RIDER, WEINER, FRANKEL, PC
**655 Little Britain Road**

**New Windsor, NY 12553**

Ref #    06951.00024 (Kent)
Invoice #
PO #
Dept #



TRK#    7982 1488 0466
0201

WED - 11JUL         A1
**PRIORITY OVERNIGHT**

**Z6-SWFA**

SWF
NY-US
**12553**



---

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2.  Fold the printed page along the horizontal line.
3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

From:   Origin ID: OGSA   (212)490-3000
Valiana Freeman
Wilson Elser Moskowitz LLP
150 East 42nd Street

New York, NY 10017



FedEx Express

CLS052907/23/23

Ship Date: 10JUL07
ActWgt: 1 LB
System#: 9703923/INET7061
Account#: S *********

SHIP TO: (845)294-4080     BILL SENDER

**BURKE, MIELE & GOLDER, LLP**
**BURKE, MIELE & GOLDEN, LLP**
**30 Matthews Street**
**Suite 303A**
**Goshen, NY 10924**

Delivery Address Bar Code

Ref #    06951.00024 (Kent)
Invoice #
PO #
Dept #



TRK#    7987 1470 9217
0201

**WED - 11JUL**    **A3**

**PRIORITY OVERNIGHT**

**Z6-SWFA**

**SWF**
**NY-US**
**10924**

---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

From:  Origin ID: OGSA  (212)490-3000
Valiana Freeman
Wilson Elser Moskowitz LLP
150 East 42nd Street

New York, NY 10017


**FedEx**
Express

**E**

CLS012007/21/23

Ship Date: 10JUL07
ActWgt: 1 LB
System#: 9703923/INET2600
Account#: S *********

Delivery Address Bar Code



SHIP TO:  (212)490-3000          **BILL SENDER**

**Seiba Ltd.**
**Sieba Ltd.**
**111 Grant Avenue**
**Suite 100**
**Endicott, NY 137605477**

Ref #     06951.00024 (Kent)
Invoice #
PO #
Dept #

TRK#
0201    7925 1860 2818

WED - 11JUL        AA

**PRIORITY OVERNIGHT**


SYR
NY-US
**13760**

# ZF-BGMA

---

Shipping Label: Your shipment is complete

1. Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.**

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

<u>AFFIDAVIT OF SERVICE BY MAIL</u>

STATE OF NEW YORK       )
                                ) ss.:
COUNTY OF NEW YORK    )

      **VIRGINIA DAYAN**, being duly sworn, deposes and says:  that deponent is not a party to this action, is over 18 years of age and resides in KINGS County;

      That on the 12th day of July, 2007, deponent served the within document(s) entitled **MEMORANDUM OF LAW** upon:

TO:    RIDER, WEINER & FRANKEL, P.C.           BURKE, MIELE & GOLDEN, LLP
        Attorneys for the Pl655 Little Britain       Attorneys for Defendants
        Road                                 Fulton Chevrolet-Cadillac Co., Inc.,
        New Windsor, New York  12553         Fulton Chevrolet Co., Inc.
        (845) 562-9100                        High Point Chevrolet, Inc. and
                                        Fulton/High Point Chevrolet
        Sieba Ltd.                          Group Health Benefit Program
        111 Grant Avenue                  30 Mathews Street
        Suite 100                          Suite 303A
        P.O. Box 5000                   P.O. Box 216
        Endicott, New York                Goshen, New York 10924
                                        (845) 294-4080

at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed via **FEDERAL EXPRESS OVERNIGHT MAIL**.

_____
                                VIRGINIA DAYAN

Sworn to before me this
13th day of July, 2007

_____
Notary Public

SHEREE CROMER
Notary Public, State of New York
No. 4704701
Qualified in Queens County
Commission Expires Dec. 31, 2009

2884935.1

### CERTIFICATE OF SERVICE

I, STEVEN KENT, hereby certify that I electronically filed **THE NOTICE OF MOTION TO DISMISS COMPLAINT, AFFIDAVIT OF STEVEN KENT WITH EXHIBITS and MEMORANDUM OF LAW IN SUPPORT OF AVEMCO'S MOTION TO DISMISS** with the Clerk of the Court using CM/ECF system which will send notification of such filing(s) electronically to the following:

Jeffrey S.E. Scully, Esq.

Michael Matsler, Esq.

Richard B. Golden, Esq.

Dated:    New York, New York
          July 13, 2007

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____-S-_____
    Steven Kent (SK-7209)
    Attorneys for Defendants
    AVEMCO INSURANCE
    COMPANY and AVEMCO
    INSURANCE AGENCY, INC
    150 East 42nd Street
    New York, New York 10017-5639
    (212) 490-3000
    File No. 06951.00024

2885332.1