UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CATHERINE V. SIKORSKI and JOHN SIKORSKI,         Docket No. 07 Civ. 3906
                                                 (CLB) (LMS)
                Plaintiffs,

- against -

FULTON CHEVROLET-CADILLAC CO., INC.,
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., SIEBA, LTD., FULTON/HIGH
POINT CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, AVEMCO INSURANCE COMPANY,
And AVEMCO INSURANCE AGENCY, INC.,

                Defendants.
-------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SIEBA, LTD.'S <u>MOTION FOR A STAY</u>

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
ATTORNEYS AT LAW
1001 FRANKLIN AVENUE
GARDEN CITY, N.Y. 11530
(516) 294-8844

## PRELIMINARY STATEMENT

This memorandum of law accompanies the declaration of Peter L. Contini, Esq., attorney for defendant, Sieba, Ltd. in support of the motion to stay this action pursuant to Fed.R.Civ.P. 26(c). The facts are more fully set forth in the declaration of Peter L. Contini, Esq. and will not be repeated herein.

## ARGUMENT

Sieba, Ltd. has shown good cause for this court to issue a stay of all discovery proceedings in this matter until such time as the pre-answer motion to dismiss has been decided. Fed.R.Civ.P. 26(c) allows a district court, upon a showing of "good cause", to "make any order which justice requires to protect any party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including . . . that discovery not be had." Further, Fed.R.Civ.P. 26(d) permits the district court, upon motion, to "control by order the sequence and timing of discovery." Accordingly, §§26(c) and 26(d) "enable district courts to stay merits discovery where resolution of a preliminary matter may dispose of the whole action." American Booksellers, Ass'n Inc. v. Houghton Mifflin Co., Inc., 1995 WL 72376 (S.D.N.Y. 1995).

The "movant bears the burden of establishing that there is good cause for the protective order." Id., quoting Akropan Shipping Corp., 86 Civ. 4873, 1990 WL 16097, 1990 U.S.Dist. LEXIS 1545 (S.D.N.Y. 1990). Furthermore, "good cause" necessitates showing facts which militate in favor of the stay. Id. We respectfully submit we have met this burden of good cause and provide herein the reasons for the stay.

We urge that Sieba's motion to dismiss before this court is a dispositive motion with a high likelihood of success. See Gandler v. Nazarov, 1994 WL 702004 at *4 (stay granted where motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law.") Sieba's motion for judgment on the pleadings is based on irrefutable documentary evidence and well established law. As the motion is "not unfounded in the law" and "appears to have substantial grounds", we submit it is well within this court's discretionary power to grant this motion for a stay. In Anti-Mompoly, Inc. v. Hasbro, Inc., 1996 WL 101277 at *2 (S.D.N.Y. 1996), the court held "[p]ursuant to Rule 26(c), it is clear that the Court has the discretion to stay discovery for 'good cause,' and that good cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss." The court went on to say, "[t]his is especially so where the stay is for a 'short' period of time and the opposing party [sic] will not be prejudiced by the stay." Id. See also In re AOL Time Warner, Inc. Securities and ERISA Litigation, 21003 WL 22227945 (S.D.N.Y. 2003). Furthermore, Sieba, Ltd. has only 21 employees and three or four of them would have to travel from Endicott, New York (west of Binghamton) to the court's location to be deposed which would cause each witness to lose a day or two of work. This is unduly burdensome on both the witnesses and on Sieba, Ltd.

Accordingly, we request that discovery be stayed until a decision is made with respect to Sieba's motion to dismiss because good cause exists for Sieba's request, a dispositive motion is pending, Sieba will be unduly burdened, and plaintiff will not be prejudiced by the brief stay.

## **CONCLUSION**

### **THE MOTION FOR A STAY SHOULD BE IN ALL RESPECTS GRANTED**

Dated:    Garden City, New York
             July 19, 2007

                                     Respectfully submitted,

                                       L'ABBATE, BALKAN, COLAVITA
                                         & CONTINI, L.L.P.

                                     By: _____
                                       Peter L. Contini, Esq. (PC 0169)
                                       Attorneys for Defendant
                                       Sieba Ltd.
                                       1001 Franklin Avenue, Third Floor
                                       Garden City, New York  11530
                                       (516) 294-8844

Of Counsel:

Peter L. Contini, Esq.
Louis J. DelSignore, Esq.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                          ) SS.:
COUNTY OF NASSAU          )

**KAREN R. LUCERO**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides at Nassau County, New York.

That on the 19th day of July, 2007, deponent served the within **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SIEBA LTD.'S MOTION FOR A STAY** upon:

Jeffrey S.E. Sculley, Esq.
RIDER, WEINER & FRANKEL, P.C.
Attorneys for Plaintiff
655 Little Britain Road
New Windsor, New York  12553
(845)  562-9100

Richard Golden, Esq.
BURKE, MIELE & GOLDEN, LLP
Attorneys for Defendants
Fulton Chevrolet-Cadillac Co., Inc.,
Fulton Chevrolet Co., Inc.,
Highpoint Chevrolet, Inc. and
Fulton/High Point Chevrolet
Group Health Benefit Program
30 Matthews Street, Suite 303A
P. O. Box 216
Goshen, New York  10924
(845)  294-4080

Steven Kent, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for Defendants
Avemco Insurance Company and
Avemco Insurance Agency, Inc.
150 East 42nd Street
New York, New York  10017-5639
(212)  490-3000

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                  **KAREN R. LUCERO**

Sworn to before me this 19th day of July, 2007.

_____
Notary Public

PETER L. CONTINI
Notary Public, State of New York
No. 4637417
Qualified in Suffolk County
Commission Expires July 31, 20___