UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CATHERINE V. SIKORSKI and JOHN SIKORSKI,   Docket No. 07 Civ. 3906
                                          (CLB) (LMS)
                        Plaintiffs,

                                          **NOTICE OF MOTION**

   - against -

FULTON CHEVROLET-CADILLAC CO., INC.,
FULTOIN CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., SIEBA, LTD., FULTON/HIGH
POINT CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, AVEMCO INSURANCE COMPANY,
And AVEMCO INSURANCE AGENCY, INC.,

                        Defendants.
-----------------------------------------------------------------x

**S I R S :**

   **PLEASE TAKE NOTICE**, that upon the annexed Declaration of Peter L. Contini, Esq., dated the 19th day of July, the Memorandum of Law, and upon all pleadings and proceedings heretofore had herein, the undersigned will move this Court, before the Honorable Charles L. Brieant, at the courthouse located at 300 Quarropas Street, White Plains, New York, on the 14th day of September, 2007, at 10:00 a.m. in the forenoon of that day, or as soon thereafter as counsel may be heard, for an Order, pursuant Fed.RCiv.P.12(b)(6) dismissing the plaintiff's complaint in its entirety as the complaint does not state a cognizable claim against Sieba, Ltd. and Sieba, Ltd. is not a proper party to this lawsuit, and for such other and further relief as the Court may deem just and proper.

Dated:     Garden City, New York
           July 19, 2007

                        Respectfully submitted,

                        L'ABBATE, BALKAN, COLAVITA
                        & CONTINI, L.L.P.

                        By: _____
                        Peter L. Contini, Esq.
                        Attorneys for Defendant
                        Sieba Ltd.
                        1001 Franklin Avenue, Third Floor
                        Garden City, New York 11530
                        (516) 294-8844

TO:    Jeffrey S.E. Sculley, Esq.
        RIDER, WEINER & FRANKEL, P.C.
        Attorneys for Plaintiff
        655 Little Britain Road
        New Windsor, New York 12553
        (845) 562-9100

        Richard Golden, Esq.
        BURKE, MIELE & GOLDEN, LLP
        Attorneys for Defendants
        Fulton Chevrolet-Cadillac Co., Inc.,
        Fulton Chevrolet Co., Inc.,
        Highpoint Chevrolet, Inc. and
        Fulton/High Point Chevrolet
        Group Health Benefit Program
        30 Matthews Street, Suite 303A
        P. O. Box 216
        Goshen, New York 10924
        (845) 294-4080

        Steven Kent, Esq.
        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
        Attorneys for Defendants
        Avemco Insurance Company and
        Avemco Insurance Agency, Inc.
        150 East 42nd Street
        New York, New York 10017-5639
        (212) 490-3000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CATHERINE V. SIKORSKI and JOHN SIKORSKI,    Docket No. 07 Civ. 3906
                                             (CLB) (LMS)
                    Plaintiffs,

      - against -                            **DECLARATION IN
                                             SUPPORT OF MOTION
                                             TO DISMISS COMPLAINT**

FULTON CHEVROLET-CADILLAC CO., INC.,
FULTOIN CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., SIEBA, LTD., FULTON/HIGH
POINT CHEVROLET GROPU HEALTH BENEFIT
PROGRAM, AVEMCO INSURANCE COMPANY,
And AVEMCO INSURANCE AGENCY, INC.,

                    Defendants.
-----------------------------------------------------------------x

   PETER L. CONTINI, being an attorney duly admitted to practice law before this court declares the following statements to be true under penalty of perjury:

   1.   I am a member of L'Abbate, Balkan, Colavita & Contini, LLP, attorneys for defendant, Sieba, Ltd., and I submit this declaration in support of the pre-answer motion of Sieba, Ltd. to dismiss the complaint pursuant to Fed.R.Civ.P.12(b)(6). Accompanying this declaration is a memorandum of law providing the legal authority which supports the relief requested in this motion.

   2.   The plaintiffs have commenced this action alleging a violation of their rights under the Employees' Retirement Income Security Act of 1974 and specifically alleging under 29 U.S.C. §1132(a)(1)(B) that they have been denied medical benefits provided under a Group Health Benefit Program for employees of Fulton/Highpoint Chevrolet. A copy of the summons and complaint is

attached as Exhibit "A". We respectfully submit that the complaint fails to state a claim against Sieba, Ltd. and that Sieba, Ltd. is not a proper party to this lawsuit.

Background Facts and Circumstances

3.      Solely for the purpose of giving this court some background information in which to put the pleadings in context but not forming the basis for this motion to dismiss, we provide herein a brief summary of the events which precipitated this litigation. On April 1, 1997, Fulton/Highpoint Chevrolet ("Fulton/Highpoint) initiated its Fulton/Highpoint Chevrolet Employee Health Care Plan ("Plan"). On September 1, 2000, Fulton/Highpoint and Sieba, Ltd. ("Sieba") entered into a Third-Party Administration Service Agreement.

4.      Fulton/Highpoint obtained medical stop loss insurance from Avemco Insurance Company which was an excess reimbursement policy. That policy reimbursed the Plan for eligible covered expenses actually paid to health care providers on behalf of Plan members within the policy period. The policy was not applicable unless and until the Plan member actually received the medical care and the Plan actually paid for that care. After such payment, Avemco agreed to reimburse the Plan for the covered amount. The Avemco policy also provided that, in the event of termination, Avemco would not be liable for any medical claims paid after the termination date.

5.      On June 4, 2002, Fulton/Highpoint notified Sieba that the medical and prescription drug program in which Sieba was the third-party administrator and Avemco was the stop loss insurer would be cancelled effective July 1, 2002. On June 27, 2002, the termination date was extended to July 31, 2002.

6.  On June 16, 2002, Sieba submitted to Avemco a claim notification reflecting that the Avemco policy had a $20,000 deductible and that Catherine Sikorski was diagnosed with a seizure disorder, that Large Case Management had been implemented, and that the expenses to date were $15,517.36. On July 8, 2002, Hackensack Hospital called Sieba to pre-notify of an elective admission. Pre-authorization of benefits is not a guarantee that benefits will be paid. Rather, it is a process by which an individual claimant notifies the medical plan of expenses to be incurred and verifies that such expenses would be medically necessary under the terms of the plan. The patient notifies the plan prior to admission. Once the expenses are actually incurred, the invoice is submitted to the plan for consideration and benefits are processed under the reimbursement terms of the medical plan. On July 8, 2002, Sieba notified Fulton/Highpoint that Catherine Sikorski was scheduled for brain surgery which would require a two week stay at Hackensack Hospital beginning on July 11th and that her medical expenses were already at $17,000.

7.  Catherine Sikorski was admitted to Hackensack Hospital on July 11, 2002 and remained an inpatient until August 6, 2002. During her admission at the hospital, stop loss coverage with Avemco was terminated effective July 31, 2002. Sieba's position as Third-Party Administrator was terminated the same date. Pursuant to the terms of its service agreement, Sieba continued for three months to provide "run out" services to the Plan until October 31, 2002. During the "run out" period, Sieba continued to process claims for medical expenses incurred prior to the termination of the agreement on July 31, 2002. The Hackensack Hospital bill was not received by Sieba until September 6, 2002 but, because it covered the period from July 11, 2002 through August 6, 2002 (beyond the last date of stop loss coverage of July 31, 2002 for which Sieba provided administrative services), Sieba requested an itemized bill so that those charges

within the policy period (ending July 31st) could be ascertained. An itemized bill was not presented before the "run out" service agreement with Sieba terminated on October 31, 2002.

8. It is Sieba's understanding that stop loss medical benefits through Avemco were not available to Catherine Sikorski for her Hackensack Hospital stay since that hospital bill was not paid by the Plan before July 31, 2002, the termination date for stop loss coverage. It is the further understanding of Sieba that Fulton/Highpoint never paid the medical bill from Hackensack Hospital which it was required to pay even if the Avemco excess reimbursement policy had continued in force and effect. Accordingly, Sieba would have been powerless to effect payment or reimbursement of the Hackensack Hospital bill even if it had been received by Sieba prior to the termination of its services as the Plan was required to make payment in the first instance. It is also the understanding of Sieba that no replacement coverage was procured for Catherine Sikorski after the Avemco policy was terminated. The Plan initiated coverage with Horizon Blue Cross and Blue Shield but it is our understanding that insurance did not cover Catherine Sikorski for these expenses.

The Basis for the Motion to Dismiss

9. The plaintiff seeks to compel the Plan to pay the medical expenses incurred by Catherine Sikorski at Hackensack Hospital. Plaintiff seeks the requested relief pursuant to 29 U.S.C. §1132(a)(1)(B). (See the complaint at Exhibit "A"). For the reasons cited in our accompanying memorandum of law, such a claim may only be brought against the Plan, the Plan sponsor, and the Plan administrator. Sieba did not hold any of those positions with respect to the subject Plan.

4

10.     Attached as Exhibit "B" is a copy of the Fulton/Highpoint Plan. The very last page of the Plan identifies the Plan sponsor as Fulton/Highpoint. No Plan administrator is identified in the Plan although a Third-Party Administrator (also referred to as a "Plan Supervisor") is identified as W.J. Jones of Lake Success, New York. While the terminology of "Plan Supervisor" and "Third-Party Administrator" may be similar to the ERISA term of "plan administrator", functionally they are substantially different. The duties and obligations of the Third-Party Administrator are governed by its contract with the Plan and that contract clearly limits the function of the Third-Party Administrator to such an extent that it cannot be considered a plan administrator under ERISA.

11.     Commencing September 1, 2000, Sieba replaced W.J. Jones as the Third-Party Administrator pursuant to a Third-Party Administration Service Agreement dated September 1, 2000. That agreement relegates Sieba to providing mere ministerial services. A copy of that agreement is attached as Exhibit "C". In Article 1, paragraph "a", it is expressly stated that Fulton/Highpoint ("Contract Holder") retains all final authority and responsibility for the Plan and its operation and that Sieba is empowered to act on behalf of Fulton/Highpoint only as expressly stated in the agreement or as mutually agreed to in writing by the parties. The last paragraph of Article 2 (bottom of page 3) states that Sieba will follow the written directives, rules, and procedures developed by Diversified Concepts, Inc. ("Broker Consultant") and by Fulton/Highpoint. Under Article 4, subdivision "g", page 5, Fulton/Highpoint was to communicate in writing to Sieba all Plan interpretations, policy decisions, and directives.

12.     The plaintiff's complaint (Exhibit "A") does not expressly allege that Sieba is a plan administrator as identified under ERISA. Only the first claim for relief of the complaint

5

pertains to Sieba. The complaint alleges at paragraph 13 that Sieba entered into a third-party administration services agreement with Fulton/Highpoint. At paragraph 14, it is alleged that Sieba provided administrative services necessary to prove and pay for medical services provided to Plan participants. In paragraphs 25 through 27, it is alleged that Sieba pre-authorized Catherine Sikorski's surgery. At paragraph 31 of the complaint, it is alleged that Fulton/Highpoint elected health care coverage under Horizon Blue Cross and Blue Shield commencing on or about August 1, 2002. Paragraph 36 alleges that the defendants have wrongfully refused or failed to pay the plaintiff's medical bills. There is no allegation that Sieba had the ability to direct payment of the medical bills nor can there be. Sieba had no such authority as a Third-Party Administrator and presently cannot because its services were terminated when Horizon Blue Cross Blue Shied became the new insurer.

13.    We respectfully submit that the authority recited in our accompanying memorandum of law dictates that a dismissal of the complaint against Sieba is in order. Only the Plan, the Plan administrator, and the Plan Sponsor are empowered to provide the relief requested under the statute cited by the plaintiff. As a matter of documentary evidence, it cannot be disputed that Sieba was not and is not any of those parties. In addition, the complaint recognizes that Sieba and Avemco were replaced by Horizon Blue Cross and Blue Shield on August 1, 2002, so that Sieba is powerless to grant the relief requested in the complaint. We respectfully urge that the complaint should be in all respects dismissed as to Sieba as it is not a proper party to this lawsuit. We refer this court to our accompanying memorandum of law for the full authority in support of this motion.

Dated:     Garden City, New York
           July 19, 2007

                                                    _____
                                                    PETER L. CONTINI (PC 0169)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NASSAU     )

     **KAREN R. LUCERO**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides at Nassau County, New York.

     That on the 19th day of July, 2007, deponent served the within **MOTION TO DISMISS** upon:

Jeffrey S.E. Sculley, Esq.
RIDER, WEINER & FRANKEL, P.C.
Attorneys for Plaintiff
655 Little Britain Road
New Windsor, New York  12553
(845) 562-9100

Richard Golden, Esq.
BURKE, MIELE & GOLDEN, LLP
Attorneys for Defendants
Fulton Chevrolet-Cadillac Co., Inc.,
Fulton Chevrolet Co., Inc.,
Highpoint Chevrolet, Inc. and
Fulton/High Point Chevrolet
Group Health Benefit Program
30 Matthews Street, Suite 303A
P. O. Box 216
Goshen, New York  10924
(845) 294-4080

Steven Kent, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for Defendants
Avemco Insurance Company and
Avemco Insurance Agency, Inc.
150 East 42nd Street
New York, New York  10017-5639
(212) 490-3000

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                 **KAREN R. LUCERO**

Sworn to before me this 19th day of
July, 2007

_____
Notary Public

PETER L. CONTINI
Notary Public, State of New York
No. 4637417
Qualified in Suffolk County
Commission Expires July 31, 20__