AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN **District of** NEW YORK

Catherine V. Sikorski and John Sikorski

**SUMMONS IN A CIVIL ACTION**

V.

Fulton Chevrolet-Cadillac Co., Inc., Fulton Chevrolet Co., Inc., High Point Chevrolet, Inc., Sieba, Ltd., Fulton/High Point Chevrolet Group Health Benefit Program, Avemco Insurance Company, and Avemco Insurance Agency, Inc.

CASE NUMBER:

**BRIEANT**

TO: (Name and address of Defendant)

Sieba, Ltd.
111 Grant Avenue, Suite 100, PO Box 5000
Endicott, NY 13760

**07 CIV. 3906**

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

**SERVICO 35**

an answer to the complaint which is served on you with this summons, within _____30_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

MAY 1 8 2007

CLERK
LORRAINE LOMBARDO

DATE

(By) DEPUTY CLERK

F:\WP51\JSS\3477.1_SIKORSKI V HUM\3477.1_VERIFIED COMPLAINT_DRAFT 7.DOC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CATHERINE V. SIKORSKI and JOHN SIKORSKI,

                      Plaintiffs,                    COMPLAINT

    -against-                                    __ Civ __
                                                    ( )

FULTON CHEVROLET-CADILLAC CO., INC.,
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGH POINT
CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, SIEBA, LTD., AVEMCO INSURANCE
COMPANY and AVEMCO INSURANCE
AGENCY, INC.,

                      Defendants.
---------------------------------------------------------X

07 CIV 3906

MAY 18 2007
USDC WP SDNY

      Plaintiffs by their attorneys Rider, Weiner & Frankel, P.C., as and for their complaint, allege as follows:

### Nature of the Action, Jurisdiction and Venue

    1.    Plaintiffs Catherine V. Sikorski and John Sikorski bring this action pursuant to the Employees Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §1132 (a)(1)(B)) and the federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202 to protect and preserve their rights to, and to recover benefits due under, the Fulton/High Point Chevrolet Group Health Benefit Program (the "Plan"), which is an "employee welfare benefit plan" and a "multiple employer welfare arrangement," as those terms are defined in ERISA (29 U.S.C. §§1002(1)(A) and 1002(40)(A), respectively), sponsored and established or maintained by defendants Fulton Chevrolet-Cadillac Co.,

1

Inc. ("Fulton Cadillac"), Fulton Chevrolet Co., Inc. ("Fulton Chevrolet") and High Point Chevrolet, Inc. ("High Point"), and administered by Sieba, Ltd. ("Sieba") for the purpose of "providing for its participants or their beneficiaries . . . medical, surgical, or hospital care or benefits in the event of sickness . . ." (29 U.S.C. §1002(1)(A)). Plaintiffs also assert claims under New York State law as third-party beneficiaries of a stop-loss insurance contract between defendants Avemco Insurance Company and Avemco Insurance Agency, Inc. (collectively, "Avemco") and defendants Fulton Cadillac, Fulton Chevrolet, High Point and the Plan to pay for the services of health-care providers on behalf of Plan participants and beneficiaries in excess of an established amount. Plaintiffs seek to recover judgment against defendants Fulton Cadillac, Fulton Chevrolet, High Point, the Plan and Avemco for unpaid benefits together with statutory attorney's fees and costs.

2.  Jurisdiction of this Court is based upon 28 U.S.C. §1331 and 29 U.S.C. §1132 (a)(1)(B), which provides in pertinent part that "a civil action may be brought . . . by a plan participant or beneficiary . . . to recover benefits due to him under the terms of his plan . . . ."; and under the doctrine of ancillary and/or pendent jurisdiction as to the state law claims. Plaintiffs are residents of Sullivan County, New York, within the Southern District of New York.

3.  The claims herein arose in Sullivan County, New York, within the Southern District of New York.

## The Parties

4.  Plaintiff Catherine V. Sikorski is a citizen of the State of New York, with a residence at 355 Kalin Weber Road, Glen Spey, New York.

5.  Plaintiff John Sikorski is a citizen of the State of New York, with a residence at 355 Kalin Weber Road, Glen Spey, New York.

6.  Defendant Fulton Cadillac is, upon information and belief, a New York corporation organized and existing pursuant to New York State law with a principal business address at Route 6 and 17M, Post Office Box 519, Middletown, New York.

7.  Defendant Fulton Chevrolet is, upon information and belief a New York corporation organized and operated pursuant to New York state law with a principal business address at Route 6 and 17M, Post Office Box 519, Middletown, New York.

8.  Defendant High Point is, upon information and belief, a New Jersey corporation organized and existing pursuant to New Jersey state law with a principal business address at 500 Route 23, Sussex, New Jersey.

9.  Defendant Sieba is, upon information and belief, a New York corporation organized and existing pursuant to New York state law with a principal place of business at 111 Grant Avenue, Suite 100, Post Office Box 5000, Endicott, New York.

10. The Plan is, upon information and belief, an employee welfare benefit plan and a multiple employer welfare arrangement under ERISA, sponsored and established or maintained by Fulton Cadillac, Fulton Chevrolet and High Point with a principal business address at Route 6 and 17M, Post Office Box 519, Middletown, New York.

RIDER, WEINER & FRANKEL, P.C.

11. Avemco is, upon information and belief, a foreign insurance company registered and licensed to do business in the State of New York and organized and existing pursuant to Maryland state law with a principal place of business at 411 Aviation Way, Frederick, Maryland.

### Facts Pertinent To Each Claim For Relief

12. John Sikorski began working for High Point as an auto mechanic in or about December 1999.

13. On or about September 2000, defendant Sieba entered into a third-party Administration Service Agreement (the "Agreement") with an entity described in the Agreement as "Fulton/High Point Chevrolet," which, upon information and belief, included defendants Fulton Chevrolet, Fulton Cadillac and High Point.

14. Under the terms of the Agreement, defendant Sieba served as the third-party plan administrator, providing the administrative services necessary to approve and pay for medical services provided to Plan participants, such as John and Catherine Sikorski. These administrative services included, *inter alia*, establishing a list of participants, examining claims submitted by participants, determining eligibility for the reimbursement of covered expenses and issuing claim checks and explanations of benefits to Plan participants and those who provide medical services to such participants, and otherwise overseeing the payment for such services.

15. Upon information and belief, sometime after the execution of the Agreement, the Plan, Fulton Chevrolet, Fulton Cadillac and High Point entered into a contract with Avemco under which Avemco was to provide stop-loss insurance coverage to reimburse the Plan for expenses the Plan was obligated to pay to health-care providers on behalf of Plan participants and beneficiaries in excess of an established amount.

16. In or about February 2000, Mr. Sikorski, on behalf of himself and his wife Catherine V. Sikorski, enrolled in the Plan and High Point began deducting Plan premiums from his paycheck.

17. At all relevant times, John Sikorski worked an average of at least 30 hours per week and was a "covered employee" under the terms of the Plan and Mrs. Sikorski was an eligible "dependent" based on her marriage to Mr. Sikorski, thereby entitling her to health-care benefits pursuant to the Plan.

18. High Point deducted Plan premiums amounting to $284.36 in 2002, $3,849.92 in 2002 and $588.30 in 2003, until Mr. Sikorski terminated his employment with High Point in or about February 2003.

19. Under the terms of the Plan, Mr. and Mrs. Sikorski were each entitled to a maximum lifetime health-care benefit of $2,000,000.00 for covered medical expenses, such expenses including "[r]oom and board in a Hospital," "[a]ll necessary medical services and supplies for the treatment of the patient in a Hospital," "[c]harges for medical care and treatment and/or surgery performed by a Physician," [a]nesthesia, including the charge for administration" and [d]iagnostic laboratory and x-ray services."

20. Mr. and Mrs. Sikorski were participants and beneficiaries under the Plan entitled to medical coverage under the terms of the Plan.

21. Under the terms of the Plan, Mr. and Mrs. Sikorski were required to obtain pre-authorization at least seven (7) working days prior to undergoing any medical procedure or receiving any treatment as a hospital inpatient.

22. Catherine Sikorski was first diagnosed with epilepsy when she was approximately eight years old. She experienced only nocturnal seizures until 1998 when she began to suffer waking seizures.

23. In approximately 1998 Mrs. Sikorski underwent surgery to the left side of her brain above the temple in order to remedy her waking seizures. Although this surgery was briefly successful, Mrs. Sikorski began experiencing seizures within two months of the surgery. These renewed seizures gradually increased in intensity until they were categorized by her physicians as being of the grand mal variety.

24. In or about May 2002, Mrs. Sikorski's physicians determined that she required brain surgery, and associated medical care and treatment, on the left temporal area of her brain to remove nerve blockage to remedy a neural transmission interruption that was causing Mrs. Sikorski to suffer grand mal seizures.

25. In or about May 2002, Sieba, on behalf of the Plan was notified that Mrs. Sikorski would be hospitalized in either late June or July 2002 for brain surgery at Hackensack University Medical Center ("HUMC") and pre-authorization for such surgery, and all associated medical care and treatment, was requested.

26. In or about May 2002 Sieba, on behalf of the Plan, acknowledged receipt of the notification and request for pre-authorization of Mrs. Sikorski's surgery, and all associated medical care and treatment.

27. On or about June 28, 2002, Sieba, on behalf of the Plan, pre-authorized Mrs. Sikorski's surgery, and all associated medical care and treatment.

28. Upon information and belief, on or about June 27, 2002, John Worts, who is the President of Fulton Chevrolet and Fulton Cadillac and the father of Tom Worts, President of High Point, decided to terminate medical and prescription drug coverage offered under the Plan effective July 31, 2002.

29. In or about the week of June 28, 2002, Fulton Chevrolet, Fulton Cadillac and High Point informed Mr. Sikorski and his fellow employees that their health-care coverage under the Plan would be terminated as of July 31, 2002.

30. Upon information and belief, in or about the week of June 28, 2002, Mr. Sikorski reminded Kelly Worts, the daughter of Fulton President John Worts, and the employee benefits Manager for the High Point dealership, of Mrs. Sikorski's upcoming hospitalization and surgery. Mrs. Worts verified that Mrs. Sikorski's surgery would be covered and advised Mr. Sikorski not to be concerned because all expenses related to Mrs. Sikorski's hospitalization, surgery and treatment would "be taken care of".

31. Upon information and belief, in or about July 2002, Mr. Sikorski, along with his fellow employees at both Fulton dealerships and High Point, elected health care coverage under Horizon Blue Cross and Blue Shield to commence on or about August 1, 2002.

32. Catherine Sikorski was admitted to HUMC as an inpatient on or about July 11, 2002 and remained an inpatient until her release on or about August 6, 2002. She duly advised the hospital and her other providers that she was insured under the Plan.

33. Catherine Sikorski underwent preliminary brain surgery at HUMC on or about July 11, 2002 to implant electrodes in order to enable her physicians to pinpoint the cause of the nerve blockage and resulting grand mal seizures in preparation for the corrective surgery itself.

34. On or about August 1, 2002, Mrs. Sikorski again underwent brain surgery at HUMC, this time to remove the nerve blockage and correct the problems diagnosed by her physicians during the July 11th surgery and eliminate the grand mal seizures.

35. Following the August 1, 2002 surgery, Mrs. Sikorski underwent a period of testing, observation and recovery, and was released from HUMC on or about August 6, 2002, completing 27 days of continuous hospitalization at HUMC.

36. The outstanding unpaid cost for Mrs. Sikorski's multiple surgeries, hospitalization, treatment, testing and associated medical provider fees and expenses is approximately $431,636.42, according to invoices from HUMC and her providers, which defendants have wrongfully refused or failed to pay, despite plaintiffs' due compliance with Plan conditions and demand for payment.

**First Claim for Relief against the Plan, Fulton Chevrolet, Fulton Cadillac, High Point and Sieba to Recover Benefits Under ERISA Pursuant to 29 U.S.C. §1132(a)(1)(B)**

37. Plaintiffs repeat and reallege their allegations in Paragraphs "1" through "36" above as through set forth fully herein.

38. John Sikorski at all relevant times was an employee of High Point who was "eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization" and was therefore a Plan participant pursuant to 29 U.S.C. §1002(7).

39. Catherine V. Sikorski was designated by Mr. Sikorski, in his role as a Plan participant, and was therefore entitled to a benefit under the Plan as a Plan beneficiary pursuant to 29 U.S.C. §1002(8).

RIDER, WEINER & FRANKEL, P.C.

40. At all relevant times, Mr. Sikorski was a Plan participant and Mrs. Sikorski was a Plan beneficiary as those terms are used in 29 U.S.C. §1132 (a)(1)(B) and 29 U.S.C. §1132(a)(3), thereby entitling them to bring this action "to recover benefits due to [them] under the terms of [the] [P]lan" and "to enjoin any act or practice which violates any provision of this subchapter [of ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

41. Defendants Plan, Fulton Chevrolet, Fulton Cadillac, High Point and Sieba have failed to pay for benefits due to Plaintiffs under the terms of the Plan and the Agreement between Sieba and Fulton Chevrolet, Fulton Cadillac and High Point, despite repeated demand, totaling no less than $431,636.42.

42. By reason of the refusal or failure of the defendants Plan, Fulton Chevrolet, Fulton Cadillac, High Point and Sieba to pay benefits due, Plaintiffs have been damaged in a principal amount to be determined but in no event less than $431,636.42, exclusive of their "reasonable attorney's fee and costs of action" in an amount to be determined pursuant to 29 U.S.C. §1132(g)(1).

### Second Claim for Relief against Avemco for Breach of Contract

43. Plaintiffs repeat and reallege their allegations in paragraphs "1" through "42" above as through set forth fully herein.

44. The purpose of the stop-loss insurance contract provided by Avemco and purchased by the Plan was to reimburse the Plan for benefits due to Plan participants and beneficiaries such as John and Catherine V. Sikorski under the terms of the Plan and the Agreement between Sieba and Fulton Chevrolet, Fulton Cadillac and High Point.

45.     Plaintiffs John and Catherine V. Sikorski are intended third-party beneficiaries under the stop-loss contract of insurance entered into between Avemco and, upon information and belief, the Plan, High Point, Fulton Chevrolet and Fulton Cadillac.

46.     Defendant Avemco has failed or refused to reimburse the Plan for benefits due to Plaintiffs, upon information and belief, despite due demand for such reimbursement, totaling no less than $431,636.42.

47.     By reason of Avemco's breach, Plaintiffs, as intended third-party beneficiaries, have been damaged in a principal amount to be determined but in no event less than $431,636.42.

### Third Claim for Relief against Avemco, the Plan, Fulton Chevrolet, Fulton Cadillac and High Point for Specific Performance

48.     Plaintiffs repeat and reallege their allegations in paragraphs "1" through "47" above as through set forth fully herein.

49.     John and Catherine V. Sikorski are intended third-party beneficiaries under the stop-loss contract of insurance provided by Avemco and purchased by the Plan and are entitled to reimbursement for the Plan benefits due to Plaintiffs as a result of Mrs. Sikorski's hospitalization at HUMC from July 11, 2003 through August 1, 2003 under the terms of the Plan and the Agreement between Sieba and Fulton Chevrolet, Fulton Cadillac and High Point.

50.     Upon information and belief, despite due demand Avemco has refused or failed to provide reimbursement to John and Catherine V. Sikorski thereby breaching the stop-loss contract of insurance of which Mr. and Mrs. Sikorski are third-party beneficiaries and damaging Plaintiffs in an amount to be determined at trial, but totaling no less than $431,636.42; and otherwise entitling John and Catherine V. Sikorski to a judgment declaring Sieba, the Plan, Fulton Chevrolet, Fulton

Cadillac and High Point and their insurer Avemco liable for specific performance of the stop-loss insurance contract in favor of Plaintiffs and the Plan.

### Fourth Claim for Relief against Avemco, the Plan, Fulton Chevrolet, Fulton Cadillac and High Point for Declaratory Judgment; and otherwise under ERISA for Specific Performance

51.   Plaintiffs repeat and reallege their allegations in paragraphs "1" through "50" above as through set forth fully herein.

52.   The liability of the Plan and Sieba is predicated upon their failure and refusal, despite due demand, to pay for benefits due to John and Catherine V. Sikorski under the terms of the Plan and the Agreement between Sieba and Fulton Chevrolet, Fulton Cadillac and High Point.

53.   The liability of the Plan and Sieba is further predicated, and the liability of Avemco, Fulton Chevrolet, Fulton Cadillac and High Point is initially predicated, upon the failure or refusal of Avemco, despite due demand, to reimburse the Plan for benefits due to John and Catherine V. Sikorski as intended third-party beneficiaries under the stop-loss contract of insurance entered into between Avemco and, upon information and belief, the Plan, High Point, Fulton Chevrolet and Fulton Cadillac.

54.   Accordingly, there exist actual disputes and controversies between Plaintiffs and Defendants relating to material and valuable rights of Plaintiffs which are ripe for adjudication.

55.   Pursuant to the Federal Declaratory Judgment Act, Plaintiff requests a judgment enforceable against all defendants jointly and severally declaring that, pursuant to the Plan, the Agreement between Sieba and Fulton Chevrolet, Fulton Cadillac and High Point and the stop-loss contract of insurance entered into between Avemco and, upon information and belief, the Plan, High

Point, Fulton Chevrolet and Fulton Cadillac, each defendant is liable to Plaintiffs in an amount to be determined at trial, but totaling no less than $431,636.42; and that plaintiffs have an order directing specific performance of the agreement and payment by defendants to HUMC and plaintiffs' other providers.

**WHEREFORE,** Plaintiffs Catherine V. Sikorski and John Sikorski demand judgment as set forth above against Defendants, together with interest, attorney's fees pursuant to statute and punitive damages; and such other relief as the Court deems proper.

Dated: May 11, 2007    Rider, Weiner & Frankel, P.C.
       New Windsor, NY  Attorneys for Plaintiffs
                        655 Little Britain Road
                        New Windsor, NY 12553
                        (845) 562-9100

                        By: _____
                            Jeffrey S.E. Sculley (JS-7658)

**BRIEANT**            MAY 1 8 2007

JS 44C/SDNY
REV. 12/2005

CIVIL COVER SHEET           **07 CIV. 3906**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Catherine V. Sikorski and John Sikorski

**DEFENDANTS**
See Continuation Sheet

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Rider, Weiner & Frankel, P.C., 655 Little Britain Road
New Windsor, NY 12553; (845)562-9100

ATTORNEYS (IF KNOWN)
UNKNOWN

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

29 U.S.C. §1132(a)(1)(B) to recover benefits due under plan

Has this or a similar case been previously filed in SDNY at any time? No [X]   Yes? [ ]   Judge Previously Assigned _____

If yes, was this case  Vol [ ]   Invol. [ ]   Dismissed. No [ ]   Yes [ ]   If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)           NATURE OF SUIT

ACTIONS UNDER STATUTES

**TORTS**

**CONTRACT**
[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**PERSONAL INJURY**
[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
[ ] 362 PERSONAL INJURY - MED MALPRACTICE
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 246 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING ACCOMMODATIONS
[ ] 444 WELFARE
[ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER
[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
[ ] 610 AGRICULTURE
[ ] 620 FOOD & DRUG
[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 630 LIQUOR LAWS
[ ] 640 RR & TRUCK
[ ] 650 AIRLINE REGS
[ ] 660 OCCUPATIONAL SAFETY/HEALTH
[ ] 690 OTHER

**LABOR**
[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
[ ] 740 RAILWAY LABOR ACT
[ ] 790 OTHER LABOR LITIGATION
[x] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 840 TRADEMARK

**SOCIAL SECURITY**
[ ] 861 MIA (1395FF)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC (405(g))
[ ] 863 DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
[ ] 870 TAXES
[ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE/ICC RATES/ETC
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 810 SELECTIVE SERVICE
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
[ ] 875 CUSTOMER CHALLENGE 12 USC 3410
[ ] 891 AGRICULTURE ACTS
[ ] 892 ECONOMIC STABILIZATION ACT
[ ] 893 ENVIRONMENTAL MATTERS
[ ] 894 ENERGY ALLOCATION ACT
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
[ ] 950 CONSTITUTIONALITY OF STATE STATUTES
[ ] 890 OTHER STATUTORY ACTIONS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 431,636.42   OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND:  [ ] YES  [X] NO

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

[X] 1 Original Proceeding
[ ] 2a. Removed from State Court
[ ] 2b. Removed from State Court AND at least one party is a pro se litigant
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judge Judgment

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

[ ] 1 U.S. PLAINTIFF    [ ] 2 U.S. DEFENDANT    [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)    [ ] 4 DIVERSITY

IF DIVERSITY, INDICATE CITIZENSHIP BELOW.
(28 USC 1332, 1441)

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Catherine V. Sikorski, John Sikorski
355 Kalin Weber Road
Glen Spey, New York 12737
Sullivan County

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Fulton Defendants (including The Plan)
Route 6 & 17M, PO Box 519
Middletown, NY 10940
Orange County

Sieba, Ltd.
111 Grant Avenue
Endicott, NY 13760
Broome County

High Point
500 Route 23
Sussex, NJ 07461
Sussex County

Avemco Insurance Company, 411 Aviation Way, Frederick, MD 21701 (Frederick County)
Avemco Insurance Agency Inc., 411 Aviation Way, Frederick, MD 21701 (Frederick County)

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

None

Check one:    THIS ACTION SHOULD BE ASSIGNED TO:    [X] WHITE PLAINS    [ ] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE _____  SIGNATURE OF ATTORNEY OF RECORD _____

RECEIPT # _____

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[X] YES (DATE ADMITTED Mo. 9    Yr. 2004 )
Attorney Bar Code # JS7658

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

CONTINUATION OF CIVIL COVER SHEET

<u>DEFENDANTS</u>:

Fulton Chevrolet-Cadillac Co., Inc., Fulton Chevrolet Co., Inc.,
High Point Chevrolet, Inc., Sieba, Ltd., Fulton/High Point Chevrolet
Group Health Benefit Program, Avemco Insurance Company, and
Avemco Insurance Agency, Inc.