UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CATHERINE V. SIKORSKI and JOHN SIKORSKI,   Docket No. 07 Civ. 3906
                                                  (CLB) (LMS)
                      Plaintiffs,

   - against -

FULTON CHEVROLET-CADILLAC CO., INC.,
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., SIEBA, LTD., FULTON/HIGH
POINT CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, AVEMCO INSURANCE COMPANY,
And AVEMCO INSURANCE AGENCY, INC.,

                      Defendants.
------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANT SIEBA, LTD.'S
<u>MOTION TO DISMISS COMPLAINT</u>**

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page**

Allen v. WestPoint-Pepperell Inc., 945 F.2d 40, 44 (2d Cir. 1991) .......................... 5

Brannon v. Tarlov, 986 F.Supp. 146 (E.D.N.Y. 1997) aff'd 164 F.3d 617
 (2d Cir. 1998) cert. denied 528 U.S. 837, 120 S.Ct. 99 (1999) ............................. 4

Burgos v. Airday, 2001 WL 995342 (S.D.N.Y. 2001) ......................................... 6

Crocco v. Xerox Corporation, 137 F.3d 105 (2d Cir. 1998) ................................. 3

Del Greco v. CVS Corporation, 354 F.Supp.2d 381 (SDNY 2005) ......................... 1

Dittman v. Dyno Nobel Inc., 1998 WL 865603 *6 (N.D.N.Y. Nov. 24, 1998) ............ 4

Edwards v. Akzo Nobel Inc., 103 F.Supp.2d 214 (W.D.N.Y. 2000) ........................ 4

Greater Blouse, Skirt & Undergarment Association Inc. v. Morris,
 1996 WL 325595 *4 (S.D.N.Y. June 12, 1996) ................................................ 5

Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991) ............................ 6

Kyle Railways Inc. v. Pacific Administrative Services, Inc.,
 990 F.2d 513 (9th Cir. 1993) ....................................................................... 4

Leonelli v. Pennwalt Corporation, 887 F.2d 1195 (2d Cir. 1989) ........................... 1

Nichols v. Metropolitan Life Insurance Co., 180 F.Supp.2d 413 (W.D.N.Y. 2001) ...... 4

Reisner v. Stoller, 51 F.Supp.2d 430, 440 (S.D.N.Y. 1999) .................................. 6

Sazerac Co. Inc. v. Falk, 861 F.Supp.253, 257 (S.D.N.Y. 1994) ............................. 6

Terry v. Bayer Corporation, 145 F.3d 28 (1st Cir. 1998) ...................................... 5

|  | **Page** |
|---|---|
| **Statutes** | |
| 29 U.S.C. §1132(a)(1)(B) | 1, 3, 4, 5 |
| 29 U.S.C. §1002(16)(A)(ii) | 1, 5 |
| Fed.R.Civ.P. 12(b)(6) | 1, 5, 7 |
| **Regulations** | |
| 29 C.F.R. §2509.75-8 | 4 |

Case 7:07-cv-03906-CLB     Document 25     Filed 07/19/2007     Page 3 of 11

**PRELIMINARY STATEMENT**

This memorandum of law accompanies the declaration of Peter L. Contini, Esq., attorney for defendant, Sieba, Ltd., in support of the pre-answer motion by that defendant to dismiss the complaint under Fed.R.Civ.P. 12(b)(6). The evidence and documents upon which the defendant relies in support of this motion are annexed as exhibits accompanying the declaration of Peter L. Contini.

**ARGUMENT**

**THE PLAINTIFF'S COMPLAINT DOES NOT
AND CANNOT STATE A VALID CLAIM AGAINST
SIEBA, LTD. BECAUSE IT IS NOT THE PLAN SPONSOR,
THE PLAN ADMINISTRATOR OR A FIDUCIARY**

The plaintiff seeks relief pursuant to 29 U.S.C. §1132(a)(1)(B) which empowers the plaintiff to bring a civil action to recover benefits due to her under the terms of the Fulton/Highpoint Chevrolet Employee Health Plan ("Plan") to enforce her rights under the terms of the Plan, or to clarify her rights to future benefits under the terms of the Plan. However, only the Plan and the administrators and trustees of the Plan may be held liable under this section. Leonelli v. Pennwalt Corporation, 887 F.2d 1195 (2d Cir. 1989); cf., Del Greco v. CVS Corporation, 354 F.Supp.2d 381 (SDNY 2005) (only the named plan administrator, the plan itself or its trustees may be sued for denial of benefits). The term "administrator" is defined in ERISA at 29 U.S.C. §1002(16)(A) as the person specifically so designated by the terms of the instrument under which the Plan is operated and, if an administrator is not so designated, the Plan's sponsor. The Plan for Fulton/Highpoint identifies the Plan Sponsor as Fulton/Highpoint (last page of Exhibit "B"). There is no Plan administrator identified and, therefore, by law, Fulton/Highpoint is the Plan administrator. The Plan

1

identifies a "Plan Supervisor and Third-Party Administrator" which, as discussed herein, is not the same as the "administrator" which is defined in ERISA. Despite the similarity in terminology, the functions are very different. The Plan Supervisor and Third-Party Administrator, W.J. Jones, was replaced by Sieba pursuant to a Third-Party Administration Service Agreement (Exhibit "C"). The duties and obligations of Sieba as Third-Party Administrator are governed by the terms of the Third-Party Administration Service Agreement. The Third-Party Administration Service Agreement contains the following critical provisions:

> Article 1, subparagraph "a", p. 1:
>
> It is understood that [Fulton/Highpoint] retains all final authority and responsibility for the Plan and its operation and that Sieba is empowered to act on behalf of [Fulton/Highpoint] in connection with the Plan only as expressly stated in this agreement or as mutually agreed to in writing by Sieba and [Fulton/Highpoint].
>
> Article 2, end of p. 3:
>
> Sieba agrees to follow the written directives, rules, and procedures developed by [Diversified Concepts Inc.] and [Fulton/Highpoint].
>
> Article 4, subdivision "g", p. 5:
>
> [Fulton/Highpoint agrees to] communicate in writing to Sieba and [Diversified Concepts, Inc.] all Plan interpretations, policy decisions and directives made by [Fulton/Highpoint].
>
> Article 11, p. 8:
>
> Sieba agrees at all times to administer properly the employee benefits provided by the Plan in accordance with the stated purposes of [Fulton/Highpoint] as set forth in the plan document.

The Third-Party Administration Service Agreement clearly limits Sieba's functions to ministerial and non-discretionary functions. Sieba is empowered to act on the Plan "only as expressly stated" in the Third-Party Administration Service Agreement, which means Sieba is

2

required to "follow the directives" of Fulton/Highpoint, the Plan Sponsor (and Plan administrator), which will communicate to Sieba "all Plan interpretations, policy decisions, and directives." From this it can be seen that Sieba's functions as a Third-Party Administrator are quite different from the "administrator" identified in ERISA as a fiduciary who is liable under 29 U.S.C. §11321(a)(1)(B).

The cases are clear that the services rendered by a third-party administrator are different and distinct from what is contemplated by the term "administrator" in ERISA. For example, in <u>Crocco v. Xerox Corporation</u>, 137 F.3d 105 (2d Cir. 1998), the court held that a party under contract to provide assistance in the management of an employer's self-funded employee benefits plan was not the named plan administrator and, therefore, did not have liability under 29 U.S.C. §1132(a)(1)(B).

It is clear that Sieba did not act in a fiduciary capacity. According to paragraph 14 of the plaintiff's complaint, the plaintiff claims that Sieba determined eligibility for the reimbursement of covered expenses and issued claim checks and explanations of benefits to Plan participants. This does not render Sieba a fiduciary or a Plan administrator. It is true that the Third-Party Service Administration Agreement contains a provision in which Sieba agrees to determine eligibility for reimbursement of covered expenses but, most importantly, it is specified that such determinations are under the terms of the Plan as required by Fulton/Highpoint. See Exhibit "C", Article 2, subdivision (c), (page 2): "Determination of eligibility for reimbursement of covered expenses under the terms of the Plan as required by [Fulton/Highpoint]." Thus, Sieba did not exercise discretion in determining eligibility but, rather, was only allowed to determine eligibility as required by Fulton/Highpoint under the terms of the Plan. This is fully consistent with Sieba not acting in the capacity of a fiduciary and with Fulton/Highpoint serving the function of Plan administrator.

3

At 29 C.F.R. §2509.75-8, the Department of Labor answered questions relating to certain aspects of fiduciary responsibility under ERISA. At question D-2, the Department stated that a party applying rules to determine eligibility for participation or benefits does not render that party a fiduciary. It is patently obvious that the Department of Labor's regulation referring to "application of rules determining eligibility for benefits" is the same as Sieba's contractual requirement to make a "determination of eligibility for reimbursement of covered expenses under the terms of the Plan as required by [Fulton/Highpoint]." That function, even when combined with calculation of services and compensation credits for benefits, preparation of employee communications material, calculation of benefits, and processing of claims, all constitute nothing more than ministerial functions and, as such, do not render the administrator a fiduciary because such person does not have discretionary authority or discretionary control with respect to the management of the Plan. 29 C.F.R. § 2509.75-8.

Sieba's Third-Party Service Administration Agreement requires the same ministerial services as listed in 29 C.F.R. §2509.75-8. Thus, Sieba's contract does not put it into the category of the Plan administrator as defined in ERISA and does not impose on it responsibilities which are those of a fiduciary. See, Nichols v. Metropolitan Life Insurance Co., 180 F.Supp.2d 413 (W.D.N.Y. 2001), (an administrator which performed only ministerial tasks is not a proper party defendant in an action to recover benefits under 29 U.S.C. §1132(a)(1)(B)); Kyle Railways Inc. v. Pacific Administrative Services, Inc., 990 F.2d 513 (9th Cir. 1993) (third-party administrators are not fiduciaries when they merely perform ministerial duties or process claims). This is consistent with the rule that under §1132(a)(1)(B), only the Plan administrators and trustees of the Plan in their capacity as such may be held liable. Edwards v. Akzo Nobel Inc., 103 F.Supp.2d 214 (W.D.N.Y. 2000); Dittman v. Dyno Nobel Inc., 1998 WL 865603 *6 (N.D.N.Y. Nov. 24, 1998); Brannon v. Tarlov, 986 F.Supp. 146

4

(E.D.N.Y. 1997) aff'd 164 F.3d 617 (2d Cir. 1998) cert. denied 528 U.S. 837, 120 S.Ct. 99 (1999); Greater Blouse, Skirt & Undergarment Association Inc. v. Morris, 1996 WL 325595 *4 (S.D.N.Y. June 12, 1996).

In the case of Terry v. Bayer Corporation, 145 F.3d 28 (1st Cir. 1998), Northwestern National Life Insurance Company entered into a contract for a long term disability plan in which Northwestern was to investigate and process claims and evaluate claims for potential rehabilitation. The court held that Northwestern was not a fiduciary of the plan and thus could not be sued under §1132 (a)(1)(B).

Based on the foregoing, it is respectfully submitted that Fulton/Highpoint is the Plan administrator in accordance with 29 U.S.C. §1002(16)(A)(ii) and that Sieba, as the Third-Party Administrator which had no discretionary authority over the Plan or its benefits, cannot be sued as a defendant under 29 U.S.C. §1132(a)(1)(B) because only the Plan, the Plan sponsor, and the Plan administrator may be sued under the terms of that section.

**Document Submission**

The plaintiff may object to our submission of documents on a motion to dismiss under Fed.R.Civ.P. 12(b)(6). While the general rule in considering a motion to dismiss pursuant to Rule 12(b)(6) is that the court should construe the complaint liberally and accept all factual allegations in the complaint as true, the court is not limited to the four corners of the complaint in doing so. In addition to considering the facts stated in the complaint, the court may also consider documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. Allen v. WestPoint-Pepperell Inc., 945 F.2d 40, 44 (2d Cir. 1991);

5

Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991). Furthermore, if allegations in the complaint are contradicted by documents made a part thereof, the documents control and the court need not accept as true the allegations of the complaint. Sazerac Co. Inc. v. Falk, 861 F.Supp.253, 257 (S.D.N.Y. 1994). It has also been stated that conclusory allegations or legal conclusions masquerading as facts will not be sufficient to prevent a motion to dismiss. Reisner v. Stoller, 51 F.Supp.2d 430, 440 (S.D.N.Y. 1999). In Burgos v. Airday, 2001 WL 995342 (S.D.N.Y. 2001), the court concluded that it was possible to decide a motion to dismiss brought under Rule 12(b)(6) because the moving party introduced documents which were matters in the public record and the court was able to take judicial notice of them because the documents were integral to resolving the present dispute. The court in that case even observed that it may consider documents of which the plaintiff had notice and which were integral to framing the underlying claim even though the documents were not incorporated into the complaint by reference.

In our case, the complaint specifically references the Plan and Sieba's Third-Party Administration Service Agreement. Accordingly, we have appended those documents to our motion papers as they are properly before this court. We respectfully submit that this court is entitled to consider these documents, particularly because they provide factual and evidentiary detail and either amplify or refute the vague or conclusory language contained in the plaintiff's complaint.

## CONCLUSION

## THE COMPLAINT SHOULD BE IN ALL RESPECTS DISMISSED UNDER FED.R.CIV.P. 12(b)(6) AS SIEBA IS NOT A PROPER PARTY DEFENDANT TO THIS LAWSUIT

Dated:     Garden City, New York
           July 19, 2007

                              Respectfully submitted,

                              L'ABBATE, BALKAN, COLAVITA
                              & CONTINI, L.L.P.

                              By: _____
                              Peter L. Contini, Esq. (PC 0169)
                              Attorneys for Defendant
                              Sieba Ltd.
                              1001 Franklin Avenue, Third Floor
                              Garden City, New York 11530
                              (516) 294-8844

Of Counsel:
Peter L. Contini, Esq.
Louis J. DelSignore, Esq.

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) SS.:
COUNTY OF NASSAU )

**KAREN R. LUCERO**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides at Nassau County, New York.

That on the 19th day of July, 2007, deponent served the within **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SIEBA, LTD.'S MOTION TO DISMISS COMPLAINT** upon:

Jeffrey S.E. Sculley, Esq.
RIDER, WEINER & FRANKEL, P.C.
Attorneys for Plaintiff
655 Little Britain Road
New Windsor, New York 12553
(845) 562-9100

Richard Golden, Esq.
BURKE, MIELE & GOLDEN, LLP
Attorneys for Defendants
Fulton Chevrolet-Cadillac Co., Inc.,
Fulton Chevrolet Co., Inc.,
Highpoint Chevrolet, Inc. and
Fulton/High Point Chevrolet
Group Health Benefit Program
30 Matthews Street, Suite 303A
P. O. Box 216
Goshen, New York 10924
(845) 294-4080

Steven Kent, Esq.
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
Attorneys for Defendants
Avemco Insurance Company and
Avemco Insurance Agency, Inc.
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
**KAREN R. LUCERO**

Sworn to before me this 19th day of July, 2007.

_____
Notary Public

PETER L. CONTINI
Notary Public, State of New York
No. 4637417
Qualified in Suffolk County
Commission Expires July 31, 20__