UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CATHERINE V. SIKORSKI AND JOHN SIKORSKI,

                Plaintiffs,

  -against-

FULTON CHEVROLET-CADILLAC CO., INC.
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGHPOINT
CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, SIEBA, LTD. AND JOHN DOES "1"
THROUGH "3," WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN.

                Defendants.

------------------------------------------------------------------X

ANSWER TO
AMENDED
COMPLAINT

7:07-CV-3906
(CLB)(LMS)

      Defendants, sued herein as FULTON CHEVROLET-CADILLAC CO., INC., (herein after "Fulton Cadillac") FULTON CHEVROLET CO., INC., (herein after "Fulton Chevrolet") HIGH POINT CHEVROLET, INC., (herein after "High Point") and FULTON/HIGHPOINT CHEVROLET GROUP HEALTH BENEFIT PROGRAM, ("the Plan") by their attorneys, Burke, Miele & Golden, LLP as and for their answer to the Complaint set forth as follows:

      1. Neither admit nor deny the allegations stated or contained in the Paragraphs "1," "2," and "3" entitled "Nature of the Action, Jurisdiction and Venue" of Plaintiffs' Amended Complaint, as Plaintiffs' narrative characterization of its action requires no response. However, to the extent that this Court deems a response to such paragraphs appropriate, the Defendants deny such allegations except admit that venue is proper only

in the Southern District of New York, White Plains Division and refer all questions of law to the Court.

2. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained or stated in Paragraph 4.

3. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained or stated in Paragraph 5.

4. Admit the allegations stated or contained in Paragraph 6.

5. Deny the allegations stated or contained in paragraph 7 except admit that upon information and belief Fulton Chevrolet's corporate name changed to Fulton-Chevrolet Cadillac Co. Inc.

6. Admit the allegations stated or contained in Paragraph 8.

7. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained or stated in Paragraph 9.

8. Deny the allegations stated or contained in Paragraph 10 except admit that Fulton Cadillac and High Point ("Fulton/Highpoint Chevrolet") sponsored an employee welfare benefit plan for their employees known as the "Fulton/Highpoint Chevrolet Employee Health Care Plan" and refer all questions of law to the Court.

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained or stated in paragraph 11.

10. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained or stated in paragraph 12.

11. Deny the allegations stated or contained in paragraph 13 except admit that in or about September 2000 Fulton/Highpoint Chevrolet hired defendant, Sieba to serve

as Plan Administrator/Supervisor of the Fulton/Highpoint Chevrolet Employee Health Care Plan pursuant to an agreement that sets forth the duties and responsibilities to be performed by Sieba.

12. Deny the allegations stated or contained in paragraph 14 except admit that Fulton Chevrolet/Highpoint Chevrolet entered into a contract with Avemco Insurance Company to provide stop loss insurance coverage. Cf. para. 5.

13. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 15.

14. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 16.

15. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 17.

16. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 18.

17. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 19.

18. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 20.

19. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 21.

20. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 22.

21. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 23.

22. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 24.

23. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 25.

24. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 26.

25. Deny the allegations stated or contained in paragraph 27 except admit that upon information and belief the Plan was terminated effective July 31, 2002.

26. Deny the allegations stated or contained in paragraph 28 except admit that upon information and belief Fulton Cadillac and High Point informed their employees including Plaintiff Sikorski that their health care coverage under the Plan would be terminated as of July 31, 2002 and that new coverage would be available to Highpoint employees including Plaintiff Sikorski issued by Horizon Blue Cross/Blue Shield effective 8/1/02.

27. Deny the allegations stated or contained in paragraph 29. (?????)

28. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 30.

29. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 31.

30. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 32.

31. Neither admit nor deny the allegations stated or contained in paragraph 33 and direct the court to the cross-claim against Sieba contained in this Answer.

### AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF AGAINST THE PLAN TO RECOVER BENEFITS UNDER ERISA PURSUANT TO 29 USC 1132

32. As and for a response to the allegations stated or contained in paragraph 34 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan, repeat and reiterate their responses to the allegations stated or contained in paragraphs "1" through "33" as though set forth fully herein.

33. Neither admit nor deny the allegations stated or contained in paragraph 35 and refer all questions of law to the Court.

34. Neither admit nor deny the allegations stated or contained in paragraph 36 and refer all questions of law to the Court.

35. Neither admit nor deny the allegations stated or contained in paragraph 37 and refer all questions of law to the Court.

36. Deny the allegations stated or contained in paragraph 38.

37. Deny the allegations stated or contained in paragraph 39.

38. Neither admit nor deny the allegations stated in paragraph 40 and refer all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF AGAINST FULTON CHEVROLET AS PLAN ADMISTRATOR TO RECOVER BEENFITS UNDER ERISA PURSUANT TO 29 USC 1132

39. As and for a response to the allegations stated or contained in paragraph 41 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat

and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "40."

40. Deny the allegations stated or contained in paragraph 42 and refer all questions of law to the Court.

41. Deny the allegations stated or contained in paragraph 43.

42. Deny the allegations stated or contained in paragraph 44 and refer all questions of law to the Court.

43. Deny the allegations stated or contained in paragraph 45.

44. Deny the allegations stated or contained in paragraph 46.

45. Neither admit nor deny the allegations stated or contained in paragraph 47 and refer all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE THIRD CLAIM FOR RELIEF AGAINST FULTON CADILLAC AS PLAN ADMISTRATOR TO RECOVER ENEFITS UNDER ERISA PURSUANT TO 29 USC 1132

46. As and for a response to the allegations stated or contained in paragraph 48 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "47."

47. Deny the allegations stated or contained in paragraph 49 and refer all questions of law to the Court.

48. Deny the allegations stated or contained in paragraph 50.

49. Deny the allegations stated or contained in paragraph 51 and refer all questions of law to the Court.

50. Deny the allegations stated or contained in paragraph 52.

51. Deny the allegations stated or contained in paragraph 53.

52. Neither admit nor deny the allegations stated or contained in paragraph 54 and refer all questions of law to the Court.

### As And For An Answer to the Fourth Claim for Relief against High Point as Plan Administrator to Recover Benefits Under ERISA Pursuant to 29 USC 1132

53. As and for a response to the allegations stated or contained in paragraph 55 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "54."

54. Deny the allegations stated or contained in paragraph 56 and refer all questions of law to the Court.

55. Deny the allegations stated or contained in paragraph 57.

56. Deny the allegations stated or contained in paragraph 58 and refer all questions of law to the Court.

57. Deny the allegations stated or contained in paragraph 59.

58. Deny the allegations stated or contained in paragraph 60.

59. Neither admit nor deny the allegations stated or contained in paragraph 61 and refer all questions of law to the court.

### As and For an Answer to the Fifth Cause of Action against Sieba as Plan Administrator

60. As and for a response to the allegations stated or contained in paragraph 62 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "61."

7

61. Neither admit nor deny the allegations stated or contained in paragraph 63 except allege that upon information and belief pursuant to a Third Party Service Agreement, co-defendant, Sieba, was the Administrator of the Fulton/High Point Employee Benefits Plan and was responsible, inter alia, to consider whether benefits are due under the Benefits Plan and refer the Court to the cross-claim against defendant Sieba contained herein.

62. Neither admit nor deny the allegations stated or contained in paragraph 64 and refer the court to the cross-claim against defendant, Sieba contained herein.

63. Neither admit nor deny the allegations stated or contained in paragraph 65 and refer the court to the cross-claim against the defendant, Sieba contained herein.

64. Neither admit nor deny the allegations stated or contained in paragraph 66 and instead refer the court to the cross-claim against the defendant, Sieba contained herein.

65. Neither admit nor deny the allegations stated or contained in paragraph 67 and instead refer the court to the cross-claim against the defendant, Sieba contained herein.

66. Neither admit nor deny the allegations stated or contained in paragraph 68 and refer all questions of law to the Court.

### As and for an Answer to the Sixth Claim for Relief against John Does "1" through "3" as Plan Administrators to Recover Benefits Under ERISA Pursuant to 29 U.S.C. 1132

67. As and for a response to the allegations stated or contained in paragraph 69 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat

and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "68."

68. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 70 and refer all questions of law to the court.

69. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 71.

70. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 72 and refer all questions of law to the Court.

71. Deny knowledge or information sufficient to form a belief as to the allegations stated or contained in paragraph 73.

72. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph 74.

73. Neither admit nor deny the allegations stated or contained in paragraph 75 and refer all questions of law to the Court.

### As and for an Answer to the Seventh Claim for Relief against Plan Sponsors, Fulton Chevrolet, Fulton Cadillac and High Point to Recover Benefits Under ERISA Pursuant to 29 USC 1132

74. As and for a response to the allegations stated or contained in paragraph 76 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "75."

75. Deny the allegations stated or contained in paragraph 77 except admit that at all relevant times, an entity known as Fulton/Highpoint Chevrolet was the plan sponsor and refer all questions of law to the Court.

76. Deny the allegations stated or contained in paragraph 78.

77. Deny the allegations stated in paragraph 79.

78. Deny the allegations stated in paragraph 80.

79. Neither admit nor deny the allegations stated in paragraph 81 and refer all questions of law to the Court.

### As and For an Answer to the Eighth Claim for Relief against Plan Sponsors, John Does "1" through "3" to Recover Benefits Under ERISA Pursuant to 29 USC 1132

80. As and for a response to the allegations stated or contained in paragraph 82 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "81."

81. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph 83 and refer all questions of law to the Court.

82. Deny the allegations stated or contained in paragraph 84.

83. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph 85.

84. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained in paragraph 86.

85. Neither admit nor deny the allegations stated in paragraph 87 and refer all questions of law to the Court.

### As and For an Answer to the Ninth Claim for Relief against Sieba for Breach of Fiduciary Duty to Recover Benefits under ERISA Pursuant to 29 USC 1132 and 1109

86. As and for a response to the allegations stated or contained in paragraph 88 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "87."

87. Neither admit nor deny the allegations contained in paragraph 89 and direct the court to the allegations contained in the cross-claim against defendant Sieba contained herein.

88. Neither admit nor deny the allegations contained in paragraph 90, refer all questions of law to the Court, and direct the Court to the allegations contained in the cross-claim against defendant, Sieba contained herein.

89. Neither admit nor deny the allegations contained in paragraph 91 and direct the Court to the allegations contained in the cross-claim against defendant, Sieba contained herein.

90. Neither admit nor deny the allegations contained in paragraph 92 and direct the Court to the allegations contained in the cross-claim against defendant, Sieba contained herein.

91. Neither admit nor deny the allegations contained in paragraph 93 and direct the Court to the allegations contained in the cross-claim against defendant, Sieba contained herein.

92. Neither admit nor deny the allegations contained in paragraph 94 and direct the Court to the allegations contained in the cross-claim against defendant, Sieba contained herein.

**As and For a Tenth Claim for Relief against Fulton Chevrolet, Fulton Cadillac and HighPoint for Breach of Fiduciary Duty**

**to Recover Benefits Under ERIAS Pursuant to 29 USC 1132 and 1109**

93. As and for a response to the allegations stated or contained in paragraph 95 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "94."

94. Deny the allegations stated or contained in paragraph 96.

95. Deny the allegations stated or contained in paragraph 97 and refer all questions of law to the Court.

96. Deny the allegations stated or contained in paragraph 98 and refer all questions of law to the Court.

97. Deny the allegations stated or contained in paragraph 99.

98. Deny the allegations stated or contained in paragraph 100.

99. Deny the allegations stated or contained in paragraph 101 and refer all questions of law to the Court.

**As and For an Answer to the Eleventh Claim for Relief
against John Does "1" through "3" for Breach of Fiduciary Duty
to Recover Benefits Under ERISA Pursuant to 29 USC 1132 and 1109**

100. As and for a response to the allegations stated or contained in paragraph 102 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "101."

101. Deny the allegation stated or contained in paragraph 103.

102. Deny the allegations stated or contained in paragraph 104 and refer all questions of law to the Court.

**to Recover Benefits Under ERIAS Pursuant to 29 USC 1132 and 1109**

93. As and for a response to the allegations stated or contained in paragraph 95 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "94."

94. Deny the allegations stated or contained in paragraph 96.

95. Deny the allegations stated or contained in paragraph 97 and refer all questions of law to the Court.

96. Deny the allegations stated or contained in paragraph 98 and refer all questions of law to the Court.

97. Deny the allegations stated or contained in paragraph 99.

98. Deny the allegations stated or contained in paragraph 100.

99. Deny the allegations stated or contained in paragraph 101 and refer all questions of law to the Court.

**As and For an Answer to the Eleventh Claim for Relief
against John Does "1" through "3" for Breach of Fiduciary Duty
to Recover Benefits Under ERISA Pursuant to 29 USC 1132 and 1109**

100. As and for a response to the allegations stated or contained in paragraph 102 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "101."

101. Deny the allegation stated or contained in paragraph 103.

102. Deny the allegations stated or contained in paragraph 104 and refer all questions of law to the Court.

103. Deny the allegations stated or contained in paragraph 105.

104. Deny the allegations stated or contained in paragraph 106.

105. Deny the allegations stated or contained in paragraph 107.

106. Deny the allegations stated or contained in paragraph 108 and refer all questions of law to the Court.

### As and For an Answer to the Twelfth Claim for Relief against the Plan, Fulton Chevrolet, Fulton Cadillac, High Point and for Declaratory Judgment; and otherwise under ERISA for Specific Performance

107. As and for a response to the allegations stated or contained in paragraph 109 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "108."

108. Deny the allegations stated or contained in paragraph 110.

109. Neither admit nor deny the allegations stated or contained in paragraph 111 and refer all questions of law to the Court.

110. Neither admit nor deny the allegations stated or contained in paragraph 112 and refer all questions of law to the Court.

### As and For an Answer to the Thirteenth Claim for Relief against the Plan, Sieba and John Does "1" through "3" for Declaratory Judgment; and otherwise under ERISA for Specific Performance

111. As and for a response to the allegations stated or contained in paragraph 113 defendants, Fulton Cadillac, Fulton Chevrolet, Fulton High Point and the Plan repeat and reiterate their responses to each and every allegation stated or contained in paragraphs "1" through "112."

112. Deny the allegations stated or contained in paragraph 114 as to the Plan and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the John Does "1" through "3" and neither deny nor admit the allegations stated or contained therein as to the defendant Sieba and direct the Court to the cross-claim against Sieba contained herein.

113. Deny the allegations stated or contained in paragraph 115.

114. Deny the allegations stated or contained in paragraph 116 as to the Plan, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations stated or contained therein as to the John Does "1" through "3" and neither admit nor deny the allegations stated or contained therein as to the defendant Sieba and direct the Court to the cross-claim against defendant Sieba contained herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

115. The plaintiffs failed to exhaust their administrative remedies.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

116. This action is barred by applicable statues of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

117. The defendant, Fulton Chevrolet Co., is not a proper party to this action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

118. The plaintiffs' claims fail to state a claim upon which relief may be granted.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

119. Defendant Fulton/Highpoint were not properly served.

## AS AND FOR THE FIRST CROSS-CLAIM AGAINST SIEBA, LTD

120. The amended complaint herein alleges, in pertinent part, that pursuant to the terms of an employee health benefits plan (the Plan) established and maintained by the Fulton Defendants, Plaintiff, Catherine Sikorski, was entitled to benefits for medical treatment she received from July 11, 2002- July 31, 2002, that a denial of those benefits has occurred and as a consequence Plaintiffs, Catherine and John Sikorski, have become liable to pay approximately, $431,636.42 by reason of the failure of the Plan and/or the Fulton Defendants to pay benefits pursuant to the terms of the Plan.

121. If the plaintiff, Catherine Sikorski, was due benefits under the Plan, than it was the duty of the Administrator of the Fulton/High Point Employee Benefits Plan, co-defendant, Sieba, who, pursuant to a Third Party Service agreement was responsible, inter alia, to consider whether benefits under the Plan are due.

122. That if the plaintiffs were caused to sustain damages at the time and place set forth in the plaintiffs' complaint through any carelessness, recklessness, and/or negligence including any breach of fiduciary duty other than the plaintiffs' own, such damages were sustained solely and directly by reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission including any breach of a fiduciary duty owed to the Plaintiff by the co-defendant, Sieba, its agents, servants and/or employees.

123. That the co-defendant and answering defendants known herein as Fulton/High Point Chevrolet entered into a contract/agreement wherein the co-defendant, Sieba, agreed to hold harmless and indemnify and assume the defense of the answering Third-Party Defendants.

124. That by reason of the foregoing, the co-defendant will be liable to indemnify the Fulton Defendants and the Plan in whole for the amount of any recovery obtained herein by the plaintiffs against the answering defendants as the Court may direct as well as any costs, disbursements and attorneys fees.

125. That by reason of this section, the answering defendants have been and will be put to costs and expenses including attorneys' fees.

### AS AND FOR A SECOND CROSS CLAIM FOR COMMON LAW NEGLIGENCE AGAINST THE THIRD-PARTY CO-DEFENDANT, SIEBA, LTD

126. That if the plaintiffs were caused to sustain damages as set forth in the plaintiffs' complaint through any carelessness, recklessness and/or negligence including any breach of a fiduciary duty owed to the Plaintiffs other than plaintiffs' own, such damages were sustained in whole or in part by reason of the carelessness, recklessness and negligence and/or negligent acts of omission or commission including breach of fiduciary duty by the co-defendant, Sieba, its agents, servants and/or employees.

127. Further, if plaintiffs should recover judgment against the answering Fulton Defendants and/or the Plan, then the co-defendant, Sieba, shall be liable to the answering Fulton Defendants and/or the Plan on the basis of apportionment of responsibility for the alleged occurrence and the answering Fulton Defendants and/or the Plan are entitled to contribution from and judgment over and against the co-defendant for all or part of any verdict or judgment which plaintiffs may recover in such amounts as the Court may direct.

128. The answering Fulton Defendants and the Plan demand judgment dismissing the complaint herein and **furth** demands judgment over and against the co-defendant, Sieba for the amount of any judgment which may be obtained herein by the

plaintiffs against the answering Fulton Defendants and/or the Plan or in such amount as the Court may direct together with the costs and disbursements of the action.

### AS AND FOR A CROSS CLAIM FOR COMMON LAW INDEMNITY AGAINST THE CO-DEFENDANT, SIEBA, LTD.

129. That if the plaintiffs were caused to sustain damages as set forth in the plaintiffs' amended complaint through any carelessness, recklessness and/or negligence other that the Fulton Defendants and the Plan's own, such damages were sustained wholly due to the primary and active carelessness, recklessness and negligence and/or negligent acts of omission including breach of a fiduciary duty owed to the Plaintiffs by the co-defendant, Sieba, its agents, servants and/or employees with the negligence of the answering Fulton defendants and the Plan, if any, being secondary, derivative and by operation of law.

130. Further if defendant/third-party plaintiff should recover judgment against the answering Fulton Defendants and/or the Plan, then the co-defendant, Sieba, shall be liable to indemnify the answering Fulton Defendants and/or the Plan, in whole for the amount of any recovery obtained by the plaintiff against the answering Fulton Defendants and/or the Plan as the Court may direct.

131. That by reason of this action, the answering Fulton Defendants and/or the Plan have been and will be put to costs and expenses including attorneys' fees, and, the answering Fulton Defendants and/or the Plan demand judgment dismissing the complaint herein as to the answering Fulton Defendants and/or the Plan and further demands judgment over and against the co-defendant, Sieba, for the amount of any judgment which may be obtained herein by the plaintiffs against the answering Fulton Defendants

and/or the Plan in such amount as the Court may direct together with the costs and disbursements of this action.

WHEREFORE, the Fulton Defendants and the Plan, demand that the causes of action of the plaintiff be dismissed and the Fulton Defendants and the Plan have judgment on the affirmative defenses, and that the rights and responsibilities among the parties, be determined in this action and further demands that if plaintiff recovers judgment against the Fulton Defendants and/or the Plan, that the Fulton Defendants and/or the Plan have judgment against the co-defendant, Sieba, for all or part of any judgment that the plaintiff may recover against the Fulton Defendants and/or the Plan, together with the costs and disbursements of this action and any other relief this court deems just and proper.

Dated: September 7, 2007
       Goshen, New York

Dated: September 7, 2007
       Goshen, New York

                                Yours, etc.,

                                BURKE, MIELE & GOLDEN, LLP

                  By: _____ (0650)
                                Phyllis A. Ingram, Esq. (0650)
                                Attorneys for Defendants/Third Party
                                Plaintiffs, the Plan and Fulton/High
                                Point Chevrolet

                                30 Matthews Street, Suite 303A
                                P.O. Box 216
                                Goshen, New York 10924
                                845-294-4080

To:    Jeffrey S.E. Sculley, Esq.
         Rider, Weiner & Frankel, PC
         *Attorneys for Plaintiff*
         655 Little Britain Road
         New Windsor, New York 12553
         (845) 562-9100

         Peter L. Contini, Esq.
         L'Abbate, Balkan, Colavita & Contini, LLP
         *Attorneys for Sieba, Ltd.*
         1001 Franklin Avenue, Third Floor
         Garden City, New York 11530
         (516) 294-8844

         Steven Kent, Esq.
         Wilson, Elser, Moskowitz, Edelman & Dicker, LLP
         *Attorneys for Defendants Avemco Insurance Company and*
         *Avemco Insurance Agency, Inc.*
         150 East 42nd Street
         New York, New York 10017-5639
         (212) 490-3000