UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
CATHERINE V. SIKORSKI and JOHN SIKORSKI,

     Plaintiffs,

       -against-

FULTON CHEVROLET-CADILLAC., INC.
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGH POINT
CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, SIEBA, LTD., AND JOHN DOES
"1" THROUGH "3," WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN,

     Defendants.
-----------------------------------------------------------------------x
FULTON CHEVROLET-CADILLAC., INC.
HIGH POINT CHEVROLET, INC., and FULTON/HIGH
POINT CHEVROLET GROUP HEALTH BENEFIT
PROGRAM ("the Plan"),

     Third-Party Plaintiffs,

       -against-

THE ANCHOR GROUP AND KEN HUTCHINGS,

     Third-Party Defendants.
-----------------------------------------------------------------------x

**THIRD PARTY
COMPLAINT**

**7:07-CV-3906
(CLB)(LMS)**

   The Third-Party Plaintiffs, Fulton Chevrolet-Cadillac Co., Inc., (herein after "Fulton Chevrolet") High Point Chevrolet, Inc., (herein after "High Point Chevrolet") and collectively ("Fulton/Highpoint Chevrolet") and Fulton/HighPoint Chevrolet Group Health Benefit Program ("the Plan") by and through their attorneys, Burke, Miele & Golden, LLP, as an for its third-party complaint against third party defendants, The

Anchor Group (herein after "Anchor")  and Ken Hutchings upon information and belief allege as follows:

## Nature of Action, Jurisdiction and Venue

This is a third party action to recover damages against third party defendants, Ken Hutchings and Anchor Group in the event of a recovery by plaintiffs against defendant/third party plaintiffs and others which may be owed in whole or in part to the defendants/third party plaintiffs for damages allegedly due to the plaintiffs pursuant to the Employees Retirement Income Security Act of 1974 ("ERISA") (29 USC 1132(a)(1)(B)) and the Federal Declaratory Judgment Act, 28 U.S.C. 2201 and 2202 to protect and preserve their rights to, and to recover benefits due under, the Fulton/High Point Chevrolet Group Health Benefit Program (the "Plan"), for losses to the Plan caused by the alleged breach of fiduciary duties by the defendants/third party plaintiffs and others, and for unpaid benefits together with statutory attorney's fees and costs.

This Court has subject matter jurisdiction under 28 U.S.C. §1367(a) for supplemental jurisdiction over the related state third party claims.

This Court has personal jurisdiction over the third party defendants in that the third party defendants are doing business in this district in the state of New York and their principal place of business is in the state of New York.

Venue of this action within the Southern District is appropriate pursuant 28 U.S.C. §1391(b).

## The Parties

1.      That at all times hereinafter mentioned, the defendant/third party plaintiff, Fulton Chevrolet is a New York Corporation organized and existing pursuant to New York State law with a principal business address at Route 6 and 17M, Post Office Box 519, Middletown, New York.

2.      That at all times hereinafter mentioned, the defendant/third party plaintiff, High Point Chevrolet, is a New Jersey corporation organized and existing pursuant to New Jersey state law with a principal business address at 500 Route 23, Sussex, New Jersey.

3.      That at all times hereinafter mentioned, the Plan is an employee welfare benefit plan under ERISA, sponsored and established by Fulton/Highpoint Chevrolet with a principal business address at Route 6 and 17M, Post Office 519 Middletown, New York.

4.      That at all times herein after mentioned, third party defendant, Anchor, was and is an insurance brokerage firm authorized to transact business within the state of New York by the New York State Insurance Department with a principal place of business at 3172 Pepperwood Bend, P.O. Box 200, Marcellus, New York 13108.

5.      That upon information and belief at all times hereinafter mentioned Ken Hutchings was and still is the President of Anchor with a principal business address at 3172 Pepperwood Bend, P.O. Box 200, Marcellus, New York 13108.

3

## Facts Pertinent to the Claims For Relief

6.    That heretofore, plaintiffs, Catherine V. Sikorski and John Sikorski (hereinafter referred to as "Plaintiffs"), commenced an action in the United States District Court for the Southern District of New York, against the defendants/third party plaintiffs and other defendants seeking to recover benefits pursuant to ERISA, 29 U.S.C § 1132(a)(1)(B) and the Federal Declaratory Judgment Act, 28 U.S.C § 2201 and 2202 allegedly due to them pursuant to the aforesaid employee benefits  Plan sponsored by Fulton/High Point Chevrolet and administered by defendant, Sieba, Ltd. ("Sieba") and which it is alleged have wrongfully been denied to them resulting in damages to them in an amount totaling no less than $431,636.42 as more fully set forth at length in Plaintiffs' amended complaint. (A copy of Plaintiffs' summons and amended complaint is annexed hereto as Exhibit "A" and made a part hereof.) Defendants-third party plaintiffs, Fulton/High Point Chevrolet and the Plan, incorporate Plaintiffs' amended complaint herein as if the same were fully set forth at length without admitting or conceding the truth of the allegations contained therein, and requests leave to refer to the allegations contained therein for the purpose of this third-party action only.

7.    That it is alleged in Plaintiffs' amended complaint (Exhibit "A"), that among other things third party plaintiffs established an employee welfare benefit plan for their employees pursuant to which employees could elect to receive health care coverage for medical treatment received and expenses incurred.

8.    That it is also alleged that in connection with the administration of that Plan, the third party plaintiffs Fulton/High Point entered into an Agreement in or about September 2000 with co-defendant, Sieba pursuant to which Sieba was responsible and

obligated to among other things administer the health care claims submitted for consideration under the Plan.

9.      That it is also alleged that third party plaintiffs entered into a contract with a non-party Avemco Insurance Company to provide stop-loss insurance coverage to reimburse the Plan for expenses the Plan was obligated to pay to health-care providers on behalf of Plan participants and beneficiaries in excess of an established amount.

10.     That it is also alleged that in or about June 27, 2002, after Sieba had pre-approved medical treatment including a hospital stay and brain surgery for Ms. Sikorski's epileptic condition, a decision was made to terminate medical and prescription drug coverage offered under the Plan effective July 31, 2002.

11.     That it is also alleged that the Plan failed to pay benefits on behalf of the Plan in connection with treatment received by Plaintiff, Catherine Sikorski, while she was a covered beneficiary under the Plan.

12.     That it is also alleged that Fulton/Highpoint Chevrolet and Sieba each were Plan Administrators and that as such were fiduciaries with respect to the Plan and in failing to pay for benefits due to Plaintiffs under the terms of the Plan, breached their duty owed to Plaintiffs.

13.     That it is also alleged that the third party plaintiffs, Fulton/Highpoint were Plan Sponsors and as such failed to pay benefits due to Plaintiffs and thereby breached their duties as Plan Sponsors.

14.     That it is also alleged that Fulton/Highpoint Chevrolet and Sieba each owed a fiduciary duty pursuant to the terms of the Plan and that Fulton/Highpoint Chevrolet and Sieba breached the fiduciary duty owed to the Plan to the detriment of the

Plaintiff, Catherine Sikorski by allowing/directing/deciding to terminate a valuable Plan asset, (the Avemco stop-loss policy,) without obtaining tail insurance to cover outstanding claims while third party plaintiffs and Sieba knew or should have known that the Plan would be unable to satisfy claims without insurance coverage, thereby causing a loss to the Plan.

15.    That it is also alleged that as fiduciaries to the Plan, the    third    party plaintiffs and Sieba may be jointly, severally, and personally liable to the Plan for the total amount of the loss to the Plan in an amount to be determined but in no event less than $421,636.42.

16.    That it is also alleged pursuant to the Federal Declaratory Judgment Act that there exists an actual dispute and controversy between Plaintiffs and defendants relating to the right of Plaintiffs which are ripe for adjudication and therefore requests a judgment in the amount of no less than $431,636.42 and an order directing specific performance of the agreement and payment to Plaintiffs' health care providers.

17.    That each of these allegations are also alleged against John Does "1" through "3."

18.    That defendants/third party plaintiff, Fulton/Highpoint Chevrolet and the Plan have denied liability to Plaintiffs and have interposed cross-claims against Sieba, but, notwithstanding such denials and cross-claims, are exposed to damages by reason of a possible verdict or judgment.  Sieba has moved for a dismissal of the Plaintiffs' complaint against it.  The defendants/third-party plaintiffs, Fulton/High Point Chevrolet and the Plan have opposed the motion of the Sieba as have the Plaintiffs. (see Exhibit

"B", answer of defendants/third party plaintiffs and Exhibit "C" opposition papers of Plaintiffs and defendants/third party plaintiffs.)

19.    That at all times herein after mentioned in or about April 2002, Ken Hutchings on behalf of Anchor entered into an agreement with Fulton/High Point Chevrolet pursuant to which the Anchor Group by Ken Hutchings was to become "broker consultant" for the Plan and among other things was to assume the obligations set forth in the aforementioned September 2000 Service Agreement.

20.    That as a broker/consultant, third party defendants Ken Hutchings and the Anchor Group acted on behalf of Fulton/Highpoint Chevrolet to insure that the interests of Fulton/Highpoint Chevrolet with respect to the Plan's assets were protected.

21.    That upon information and belief, at all times herein after mentioned the third party defendants held themselves out as experienced in the employee benefits field, and who specifically designed, administered, and managed employee benefit programs.

22.    That at all times herein after mentioned, the third party plaintiffs reasonably relied on the experience and knowledge of the third party defendants in connection with their employee benefit program, which reliance caused third party plaintiffs to act, and refrain from action, and exposed them to potential liability.

23.    That at all times hereinafter mentioned as the Broker Consultant, the Anchor Group and Ken Hutchings were obligated among other things pursuant to the terms of the Service agreement to conduct negotiations with the stop loss insurance carriers.

24.    That on or about July 22, 2002, third party defendant Ken Hutchings on behalf of third party defendant, Anchor Group, terminated the stop loss coverage policy

issued by Avemco Insurance Company to the third party plaintiff, Fulton/Highpoint Chevrolet.

25.    That at all times herein after mentioned, the third party plaintiffs, upon the advice of Sieba, purchased a three month "run out" policy for which they paid a premium to Sieba at the time the decision to terminate the Plan was made.

26.    That at all times relevant herein a separate premium was not paid by the defendants/third party plaintiffs to Avemco Insurance Company for the stop loss coverage it provide to the Plan pursuant to the terms of its policy.

## AS AND FOR A FIRST CAUSE OF ACTION

27.    Defendants/third-party plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "26" above as though fully set forth herein.

28.    That at the time the stop loss coverage policy issued by Avemco Insurance Company was terminated, third party defendant Ken Hutchings knew or should have known the terms of the Avemco Insurance policy including the dates of its coverage and the requirements for claims submission.

29.    That at the time the Avemco stop loss policy was terminated by third party defendants, Ken Hutchings and Anchor, third party defendants, knew or should have known about Plaintiff Catherine Sikorski's pre-approved surgery and treatment and of the potential for the Plaintiff Catherine Sikorski's claim for benefits under the Plan to exceed the self-funded aggregate.

30.    That, upon information and belief, at the time third party defendants Ken Hutchings and the Anchor Group terminated the stop loss coverage provided to the Plan

by Avemco Insurance Company they did so unreasonably, carelessly, recklessly, negligently and without due regard to the duty and obligations owed the defendants/third party plaintiffs.

31.    That, upon information and belief, at the time third party defendants Ken Hutchings and the Anchor Group terminated the stop loss coverage provided to the Plan by Avemco Insurance Company, they did so by unreasonably, carelessly, recklessly, negligently and without due regard to the duty and obligations owed to the defendant/third party plaintiffs and refused or failed to determine, or ignored, whether there were any claims for benefits which would triggered the terms of the stop loss policy such as the claims for the surgery and treatment received by Plaintiff Catherine Sikorski.

32.    That, upon information and belief, at the time third party defendants, Ken Hutchings and the Anchor Group terminated the stop loss coverage provided to the Plan by Avemco Insurance Company they did so by unreasonably, carelessly, recklessly, negligently and without due regard to the duty and obligations they owed to the defendants/third party plaintiffs and failed to determine the effective dates of coverage and/or the claims submissions terms and requirements of the Avemco Insurance policy.

33.    That at the time the defendants/third party plaintiffs purchased the three month run out policy with Sieba, third party defendants knew or should have known that a separate "tail" or other extension of a policy of insurance for the benefit of the Plan needed to be purchased to protect the assets of the Plan.

34.    That, upon information and belief, due to the aforementioned unreasonable, careless, reckless and negligent failure of the third party defendants Ken

9

Hutchings and Anchor Group, a "tail" or other extension policy of insurance for the benefit of the Plan was not purchased.

35.    That, upon information and belief, as a result of the third party defendants' failure to purchase a "tail" or other extension policy of insurance for the benefit of the Plan, the benefits claimed to be due to the Plaintiffs have not been paid.

36. That, upon information and belief, had a "tail" or other extension policy been purchased or the stop loss policy issued by Avemco Insurance Company not been terminated by third party defendants Ken Hutchings and Anchor Group, the benefits claimed to be due to the Plaintiff would have been eligible for reimbursement to third party plaintiffs.

37.    That, upon information and belief, the unreasonable, careless, reckless and negligent acts of the third party defendants as alleged herein, have caused and/or contributed to the loss of a valuable Plan asset for which the third party plaintiffs may become liable to pay in part or in whole.

38.    That if the Plaintiffs John and Catherine Sikorski prove that they sustained injuries as alleged in their amended complaint through any breach of a duty owed to them by the third party plaintiffs, the Plan or Fulton/Highpoint Chevrolet, then said breach is due to the negligence or other culpable conduct of the third-party defendants.

39.    That if the Plaintiffs John and Catherine Sikorski prove that they sustained injuries as alleged in their amended complaint through any breach of a duty owed to them by the third party plaintiffs, the Plan or Fulton/Highpoint Chevrolet, then said breach or its avoidance is due to the negligence or other culpable conduct of the third-party defendant.

40.     That if the Plaintiffs recover damages from defendants/third-party plaintiffs, the Plan and Fulton/Highpoint Chevrolet, they will be damaged thereby and will therefore be, entitled to recover over and against third party defendants Ken Hutchings and Anchor Group in contribution any amount which the third party plaintiffs actually pay to the Plaintiffs over and above its equitable share of the liability as determined by the relative degree of culpable conduct as among the parties.

## AS AND FOR A SECOND CAUSE OF ACTION

41.     The defendants/third-party plaintiff repeats and reallege each and every allegation contained in paragraphs "1" through "40" as if fully set forth at length herein.

42.     If the Plaintiffs John and Catherine Sikorski should recover damages from defendants/third party plaintiffs, then said defendants/third party plaintiffs will be damaged thereby and will, therefore, be entitled to indemnity from third-party defendant, Ken Hutchings by reason of the fact that any liability of the third-party plaintiffs was vicarious only, or was brought about solely by the culpable conduct of Ken Hutchings.

43.     If the plaintiffs, John and Catherine Sikorski, should recover damages from defendants/third party plaintiffs, then said defendants/third party plaintiffs will be damaged thereby and will, therefore, be entitled to indemnity from third-party defendant, Anchor Group, by reason of the fact that any liability of the third-party plaintiffs was vicarious only, or was brought about solely by the culpable conduct of Ken Hutchings and Anchor Group.

## AS AND FOR A THIRD CAUSE OF ACTION

44.     The defendants/third party plaintiffs repeat and reallege each and every allegation contained in the paragraphs of this complaint numbered "1" through "43" as if fully set forth at length herein.

45.     That the benefit consulting services were to be provided pursuant to the aforesaid Third Party Administration Agreement ("Agreement") pursuant to which third party defendant, Kenneth R. Hutchings of the Anchor Group acted as Broker-Consultant (Broker of Record).

46.     That pursuant to said Agreement, third party defendants were to conduct negotiations with stop loss insurance carriers.

47.     That as the Broker of Record, Ken Hutchings of the Anchor Group's compensation was fifteen (15) percent of the stop-loss Insurance premium.

48.     That Ken Hutchings of the Anchor Group terminated the stop loss policy of insurance with Avemco which was in place at the time of Plaintiff Catherine Sikorski's hospitalization and treatment, and which policy would have covered the third party plaintiffs for claims over the self-funded aggregate.

49.     That Ken Hutchings of the Anchor Group breached its duties pursuant to the terms of the contract by allowing the stop loss policy to terminate without purchasing "tail" or other extension insurance.

50.     That Ken Hutchings and the Anchor Group breached its duties pursuant to the terms of the Agreement by failing to advise the third party plaintiffs that the three month run out policy that they purchased with Sieba did not apply to the stop loss policy of insurance issued by Avemco.

12

51.    That at the time the stop loss policy was terminated by Ken Hutchings of the Anchor Group he did so without knowing the terms of the policy or whether any pre-approved claims such as those of the third party plaintiffs which would be eligible for benefits under the Plan existed.

52.    That the termination of the stop loss policy was a breach of the Broker Consultant's contractual obligation under the Agreement to provide benefit consulting services to the third party plaintiffs for the benefit of the Plan participants such as Plaintiffs Catherine and John Sikorski.

53.    That in accordance with the terms of the Agreement, the third party defendants Ken Hutchings and the Anchor Group agreed to be responsible to fulfill its obligations thereunder.

54.    That if the defendants/third party plaintiffs are found liable to the Plaintiffs for the failure to provide benefits owed to the Plaintiffs as participants under the Plan, then pursuant to the terms of the said Agreement, third party defendants are liable to defendants/third party plaintiffs, for the full amount of any expense incurred by the third party defendants in connection with the failure to protect a valuable plan asset, to wit: the stop loss insurance coverage which was terminated by Ken Hutchings on behalf of the Anchor Group.

55.    That at all times relevant herein the said agreement was in full force and effect. If the Plaintiffs Catherine and John Sikorski's allegations are proven to be true the third-party defendants, Ken Hutchings and Anchor Group breached said Agreement.

56.    That by reason of such breach the third party defendants Ken Hutchings and Anchor Group are liable to the defendants/third party plaintiffs, the Plan and

Fulton/Highpoint Chevrolet, in the event of, and in the full amount of, any recovery herein by the Plaintiffs or for that portion thereof caused by the relative responsibility of the third party defendants Ken Hutchings and Anchor Group.

WHEREFORE, the defendant/third-party plaintiffs, the Plan and Fulton/Highpoint Chevrolet, demand judgment on the third party complaint herein as against the third party defendants Ken Hutchings and Anchor Group together with the costs and disbursements of this action; and further demand that the ultimate rights of the defendant/third party plaintiffs and the third party defendants as between themselves be determined in this action and that the defendant/third party plaintiff have judgment over and against the third-party defendants for all or that portion of any verdict or judgment which may be obtained herein by the Plaintiffs against the defendants/third-party plaintiffs to the extent that the responsibility of the third-party defendants contributed thereto.

Dated: September 7, 2007
       Goshen, New York

                                    Yours, etc.,

                                    BURKE, MIELE & GOLDEN, LLP

                          By:       _____
                                    Richard B. Golden, Esq. (8264)
                                    Attorneys for Defendants/Third Party
                                    Plaintiffs, the Plan and Fulton/High
                                    Point Chevrolet

                                    30 Matthews Street, Suite 303A
                                    P.O. Box 216
                                    Goshen, New York 10924
                                    845-294-4080

TO:    The Anchor Group
       P.O. Box 200
       Marcellus, New York 13108

       Ken Hutchings
       P.O. Box 200
       Marcellus, New York 13108