UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CATHERINE V. SIKORSKI and JOHN SIKORSKI,     Docket No. 07 Civ. 3906
                                              (CLB) (LMS)
           Plaintiffs,

-against-                                     Affidavit in Opposition to
                                              Defendant Sieba, Ltd's
                                              Motion to Dismiss Plaintiffs'
                                              Complaint

FULTON CHVEROLET-CADILLAC CO., INC.
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., SIEBA, LTD., FULTON/
HIGHPOINT CHEVROLET GROUP HEALTH
BENEFIT PROGRAM, and John Does "1" through
"3",

           Defendants.
------------------------------------------------------------------X

    LORI PRITCHARD, being duly sworn deposes and says:

    1.    I am over twenty-one years of age and a resident of the State of New York.

    2.    I am the office manager of defendant, Fulton Chevrolet-Cadillac Co., Inc. and I submit this affidavit in support of the defendants, Fulton Chevrolet-Cadillac Co., Inc, Fulton Chevrolet Co., Inc, High Point Chevrolet, Inc., and Fulton High Point Chevrolet Group Health Benefit Program's, opposition to defendant Sieba, Ltd's ("Sieba") motion to dismiss the plaintiffs' complaint.

    3.    It is my understanding that plaintiffs' Catherine and John Sikorski have commenced this litigation pursuant to the Employees Retirement Income Security Act of 1974 ("ERISA") (29 USC 1132(a)(1)(B)) to compel payment of medical bills allegedly due under the Fulton/High Point Chevrolet Group Health Benefit Program (the "Plan")

which was in effect during the time of medical treatment received by Catherine Sikorski the spouse of a then High Point Chevrolet employee.

4. It is also my understanding that the defendant Sieba seeks a dismissal of plaintiffs' claims on the basis that it was not the Plan, the Plan sponsor or the Plan administrator and therefore cannot be liable for the plaintiffs' claimed damages.

5. Fulton/High Point Chevrolet is in the business of selling automobiles. I have been employed by Fulton Cadillac Chevrolet Co., Inc since 1987. At all relevant times herein, my duties as the office manager for Fulton Cadillac Chevrolet, included payment of bills submitted to Fulton Cadillac Chevrolet Co., Inc. by Sieba. In connection with the payment of bills by Sieba submitted to Fulton Cadillac Chevrolet Co., Inc., I drafted checks to Sieba as payment of claims for medical benefits submitted to Sieba for consideration, evaluation, and administration by Sieba pursuant to the employee medical benefits Plan established for Plan participants which included the employees of the defendants, Fulton Cadillac Chevrolet Co., Inc., and High Point Chevrolet Co., Inc. and their dependents if the employee had elected coverage for them.

6. At least once a month I received a Check Register report form Sieba which recorded the date of service, the name of the employee, the provider/payee, the specific amount of each charge, the claim number, and the specific claimant for each of the claims for benefits which had been received, reviewed, evaluated and approved for eligibility and payment by Sieba. Upon my receipt of Sieba's Check Register form, I checked for accuracy the total amount which Sieba had directed to be paid and I then issued one check payable to Sieba for the total amount reflected on the Check Register form. To my knowledge this check was then deposited in an account Sieba had

established and from which Sieba issued payments to the various medical providers. I did not, nor to my knowledge did anyone else from Fulton/High Point Chevrolet, receive or review claims' forms for benefits. I did not issue explanations of benefits to providers. And, I did not direct, order, evaluate or consider whether the charges for claims for benefits submitted to Sieba should be approved or denied for payment. Nor did I direct, evaluate, consider or order whether such claims were eligible for coverage under the Plan. To my knowledge no one else from Fulton/High Point Chevrolet performed such activities. It was my understanding that the responsibility for such evaluation, consideration and administration of medical benefits to be paid or denied pursuant to the Plan was with Sieba and that such evaluation, consideration and administration of medical benefits had already been accomplished at the time I received Sieba's Check Register form. It was my understanding that these were the services for which a monthly premium was paid to Sieba over and above the amount that was directed and requested for payment by Sieba as benefits to be paid under the Plan in the interest of the Plan participants.

7. In addition to the medical coverage afforded the Plan Participants which was administered by Sieba, stop loss coverage was provided by Avemco Insurance which at the time of Mrs. Sikorski's July 2002 treatment covered losses over a $20,000.00 self-funded aggregate. During the time that the Avemco Insurance Policy was in effect, Fulton/High Point Chevrolet's payment for this coverage was included in the monthly premium paid to Sieba. At that time Fulton/High Point Chevrolet chose to terminate its self-funded plan, a three-month run out was purchased and paid for by Fulton/High Point Chevrolet to Sieba. Based upon representations made by Dick Dobell, President of

Sieba, at a meeting held in early June 2002, that it would be "business as usual" with the purchase of the three month run out after the termination of the Plan, together with Fulton/High Point Chevrolet's prior premium payment history with Sieba, it was Fulton/High Point Chevrolet's understanding that the three month extension it purchased included coverage under the Avemco policy.

8. It is respectfully requested that the statements made in this affidavit be considered in connection with the defendants' opposition to the motion of Sieba which seeks a dismissal of plaintiffs' complaint.

Dated: September 6, 2007
      Goshen, New York

_____
Lori Pritchard

Sworn to this 6 day of
September, 2007

_____
Notary Public

JOHN A. WORTS
Notary Public, State of New York
Qualified in Orange County
Term Expires March 30, 19___
No. 4787550