UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CATHERINE V. SIKORSKI and JOHN SIKORSKI,

                    Plaintiffs,

       - against -

FULTON CHEVROLET-CADILLAC CO., INC.,
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGH POINT
CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, SIEBA, LTD., and JOHN DOES
"1" through "3", Whose Identities are Currently
Unknown,

                    Defendants.
-----------------------------------------------------------------x

Docket No. 07 Civ. 3906
(CLB) (LMS)

**ANSWER TO**
**AMENDED COMPLAINT**

        Defendant, SIEBA, LTD., by its attorneys, L'Abbate, Balkan, Colavita & Contini, LLP, as and for its answer to the amended complaint of the plaintiffs, respectfully alleges, upon information and belief, as follows:

        1.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "1" of the amended complaint, except admits that the Fulton/Highpoint Chevrolet Group Health Benefit Program (the "Plan") is an "employee welfare benefit plan" and a "multi-employer welfare arrangement" as those terms are defined in ERISA (29 U.S.C. §§ 1002(1)(A) and 1002(40)(A), respectively), sponsored and established or maintained by defendants, Fulton-Chevrolet Cadillac, Inc. ("Fulton Cadillac"), Fulton Chevrolet Co., Inc. ("Fulton Chevrolet"), and High Point Chevrolet Inc. ("High Point") and that by this lawsuit plaintiffs seek to recover judgment against those defendants, Fulton Cadillac, Fulton Chevrolet, High Point, the Plan, and Sieba for unpaid benefits, together with statutory attorneys' fees and costs.

2.      Denies each and every allegation contained in paragraph numbered "3" of the amended complaint, except admits that the Plan was administered and several of the defendants reside in Orange County, New York, within the Southern District of New York.

3.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "4", "5", "11", and "12" of the amended complaint.

4.      Denies each and every allegation contained in paragraph numbered "13" of the amended complaint, except admits that in or about September 2000, Fulton Cadillac, Fulton Chevrolet, and High Point hired defendant Sieba and that a contract was entered into for that purpose requiring Sieba to provide the services necessary to approve and pay for medical services provided to Plan participants such as John and Catherine Sikorski.  These services included establishing a list of participants, examining claims submitted by participants, determining eligibility for the reimbursement of covered expenses, and issuing claim checks and explanations of benefits to Plan participants and those who provide medical services to such participants.

5.      Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "15", "16", "17", "19", "21", "22", and "23" of the amended complaint.

6.      Denies each and every allegation contained in paragraph numbered "24" of the amended complaint, except admits that in or about July 8, 2002, Sieba, on behalf of the Plan, was notified that Mrs. Sikorski would be hospitalized on July 11, 2002 for brain surgery at Hackensack University Medical Center ("HUMC") and pre-authorization for such surgery was requested.

2

7.    Denies each and every allegation contained in paragraph numbered "25" of the amended complaint except admits that on or about July 8, 2000, Sieba, on behalf of the Plan, acknowledged receipt of the notification and request for pre-authorization of Mrs. Sikorski's surgery.

8.    Denies each and every allegation contained in paragraph numbered "26" of the amended complaint, except admits that in or about July 2002, Sieba, on behalf of the Plan, pre-authorized Mrs. Sikorski's surgery.

9.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "27" of the amended complaint, except admits that on or about June 27, 2002, Fulton Chevrolet and Fulton Cadillac and High Point decided to terminate medical and prescription drug coverage offered under the Plan effective July 31, 2002.

10.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "28" and "29" of the amended complaint.

11.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "30" of the amended complaint, except admits that health care coverage under Horizon Blue Cross and Blue Shield commenced on or about August 1, 2002.

12.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "31" of the amended complaint, except admits that Catherine Sikorski was admitted to HUMC as an inpatient on or about July 11, 2002 and remained an inpatient until her release on or about August 6, 2002.

3

13.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "32" of the amended complaint.

14.     Denies each and every allegation contained in paragraph numbered "33" of the amended complaint.

## AS AND FOR AN ANSWER TO THE FIRST CLAIM FOR RELIEF

15.     Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "34" of the amended complaint as though fully set forth at length herein.

16.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "35", "36", "37", "38", "39", and "40" of the amended complaint.

## AS AND FOR AN ANSWER TO THE SECOND CLAIM FOR RELIEF

17.     Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "41" of the amended complaint as though fully set forth at length herein.

18.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "45", "46", and "47" of the amended complaint.

4

## AS AND FOR AN ANSWER TO THE THIRD CLAIM FOR RELIEF

19.    Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "48" of the amended complaint as though fully set forth at length herein.

20.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "52", "53", and "54" of the amended complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CLAIM FOR RELIEF

21.    Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "55" of the amended complaint as though fully set forth at length herein.

22.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "59", "60", and "61" of the amended complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CLAIM FOR RELIEF

23.    Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "62" of the amended complaint as though fully set forth at length herein.

24.    Denies each and every allegation contained in paragraphs numbered "63", "64", "65", "66", and "67" of the amended complaint.

5

25.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "68" of the amended complaint.

## AS AND FOR AN ANSWER TO THE SIXTH CLAIM FOR RELIEF

26.    Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "69" of the amended complaint as though fully set forth at length herein.

27.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "70", "71", "72", "73", "74", and "75" of the amended complaint.

## AS AND FOR AN ANSWER TO THE SEVENTH CLAIM FOR RELIEF

28.    Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "76" of the amended complaint as though fully set forth at length herein.

29.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "78", "79", "80", and "81" of the amended complaint.

## AS AND FOR AN ANSWER TO THE EIGHTH CLAIM FOR RELIEF

30.     Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "82" of the amended complaint as though fully set forth at length herein.

31.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "83", "84", "85", "86", and "87" of the amended complaint.

## AS AND FOR AN ANSWER TO THE NINTH CLAIM FOR RELIEF

32.     Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "88" of the amended complaint as though fully set forth at length herein.

33.     Denies each and every allegation contained in paragraphs numbered "89", "90", "91", "92", and "93" of the amended complaint.

34.     Denies each and every allegation contained in paragraph numbered "34" of the amended complaint and respectfully refers this court to the pleadings for all the relief requested therein.

## AS AND FOR AN ANSWER TO THE TENTH CLAIM FOR RELIEF

35.    Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "95" of the amended complaint as though fully set forth at length herein.

36.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "99", "100", and "101" of the amended complaint.

## AS AND FOR AN ANSWER TO THE ELEVENTH CLAIM FOR RELIEF

37.    Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "102" of the amended complaint as though fully set forth at length herein.

38.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraphs numbered "103", "104", "105", "106", "107", and "108" of the amended complaint.

## AS AND FOR AN ANSWER TO THE TWELFTH CLAIM FOR RELIEF

39.    Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "109" of the amended complaint as though fully set forth at length herein.

40.    Denies each and every allegation contained in paragraphs numbered "110" and "111" of the amended complaint.

41.    Denies each and every allegation contained in paragraph numbered "112" of the amended complaint and respectfully refers this court to the pleadings for all of the requests for relief contained therein.

### AS AND FOR AN ANSWER TO THE THIRTEENTH CLAIM FOR RELIEF

42.    Repeats, reiterates and realleges each and every response applicable to the allegations set forth in paragraph numbered "113" of the amended complaint as though fully set forth at length herein.

43.    Denies each and every allegation contained in paragraphs numbered "114" and "115" of the amended complaint.

44.    Denies each and every allegation contained in paragraph numbered "116" of the amended complaint and respectfully refers this court to all of the pleadings for all of the relief requested therein.

### AS AND FOR A FIRST, SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

45.    The amended complaint fails to state a claim against this answering defendant.

### AS AND FOR A SECOND , SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

46.    The plaintiff unduly delayed in commencing this litigation and this answering defendant is no longer employed by or associated with the Plan. Accordingly, the plaintiff is guilty of laches and the complaint should be dismissed on that basis.

### AS AND FOR A CROSS-CLAIM AGAINST FULTON CHEVROLET-CADILLAC CO., INC., FULTON CHEVROLET CO., INC., HIGH POINT CHEVROLET, INC., FULTON-HIGHPOINT CHEVROLET GROUP HEALTH BENEFIT PROGRAM, THE ANCHOR GROUP AND KEN HUTCHINGS

47.      Pursuant to the terms of the Plan and pursuant to contract, Fulton Chevrolet-Cadillac Co., Inc., Fulton Chevrolet Co., Inc., and High Point Chevrolet, Inc. were the Plan sponsors of the Fulton-Highpoint Chevrolet Group Health Benefit Program, the Anchor Group was the broker consultant, and Sieba, Ltd. was the third-party administrator.

48.      Fulton Chevrolet-Cadillac Co., Inc., Fulton Chevrolet Co., Inc., and High Point Chevrolet, Inc. were required to pay all funding requirements of the Plan and communicate in writing to Sieba and Anchor Group all Plan interpretations, policy decisions, and directives.

49.      Pursuant to said Plan and contract, Anchor Group was required to conduct negotiations with stop loss insurance carriers and provide the benefit Plan documents to Sieba and the other defendants in this lawsuit.

50.      The claims alleged by the plaintiffs, if valid, result from the failures and neglect of the codefendants and not this answering defendant. If this answering defendant should be found liable to the plaintiffs herein, any liability being specifically denied, then such liability will be premised on the neglect, failure, and breach of contract of the codefendants above identified, and this answering defendant is entitled to indemnification from said codefendants for any and all amounts paid to the plaintiffs for any claim asserted in this lawsuit, together with the costs and disbursements of this action.

**WHEREFORE**, defendant, Sieba, Ltd., demands judgment dismissing the complaint in its entirety and further demands judgment against the codefendants and against Anchor Group and Ken Hutchings for indemnification and that this defendant be granted such other and further relief as to this court may be just and proper, together with the costs and disbursements of this action.

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By: _____

Peter L. Contini, Esq. (PC 0169)
Attorneys for Defendant
Sieba Ltd.
1001 Franklin Avenue, Third Floor
Garden City, New York  11530
(516)  294-8844

R:\CPWin\History\070829_0001\F8FC.38

11

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                                ) SS.:
COUNTY OF NASSAU      )

        **KAREN R. LUCERO**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides at Nassau County, New York.

        That on the 11th day of September, 2007, deponent served the within **ANSWER TO AMENDED COMPLAINT** upon:

        Jeffrey S.E. Sculley, Esq.
        RIDER, WEINER & FRANKEL, P.C.
        Attorneys for Plaintiff
        655 Little Britain Road
        New Windsor, New York  12553
        (845)  562-9100

        Richard Golden, Esq.
        BURKE, MIELE & GOLDEN, LLP
        Attorneys for Defendants
        Fulton Chevrolet-Cadillac Co., Inc.,
        Fulton Chevrolet Co., Inc.,
        Highpoint Chevrolet, Inc. and
        Fulton/High Point Chevrolet
        Group Health Benefit Program
        30 Matthews Street, Suite 303A
        P. O. Box 216
        Goshen, New York  10924
        (845)  294-4080

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                      **KAREN R. LUCERO**

Sworn to before me this 19th day of
July, 2007.

Notary Public

PETER L. CONTINI
Notary Public, State of New York
No. 4637417
Qualified in Suffolk County
Commission Expires July 31, 20__