UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CATHERINE V. SIKORSKI and JOHN SIKORSKI,   Docket No. 07 Civ. 3906
                                          (CLB) (LMS)
                Plaintiffs,

- against -                               **ANSWER TO**
                                          **CROSS-CLAIM**

FULTON CHEVROLET-CADILLAC CO., INC.,
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGH POINT
CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, SIEBA, LTD., and JOHN DOES
"1" through "3", Whose Identities are Currently
Unknown,

                Defendants.
------------------------------------------------------------------x

      Defendant, SIEBA, LTD., by its attorneys, L'Abbate, Balkan, Colavita & Contini, LLP, as and for its answer to the cross-claims of defendants, Fulton Chevrolet-Cadillac Co. Inc., Fulton Chevrolet Co., Inc., Highpoint Chevrolet, Inc., and Fulton/Highpoint Chevrolet Group Health and Benefit Program, respectfully alleges, upon information and belief, as follows:

### AS AND FOR AN ANSWER TO THE FIRST CROSS-CLAIM AGAINST SIEBA, LTD.

      FIRST:    Denies each and every allegation contained in paragraph numbered "121" of the first cross-claim except admits that if the plaintiff, Catherine Sikorski, was due benefits under the Plan, then it was the duty of codefendant, Sieba, Ltd., pursuant to a third-party service agreement, to examine claims and determine eligibility for reimbursement of covered expenses under the terms of the Plan as required by codefendant, Fulton/Highpoint Chevrolet.

SECOND: Denies each and every allegation contained in paragraph numbered "122" of the first cross-claim.

THIRD: Denies each and every allegation contained in paragraph numbered "123" of the first cross-claim except admits that defendant, Sieba, Ltd., and the codefendants, Fulton Chevrolet Co., Inc. and Highpoint Chevrolet, Inc., entered into a contract/agreement and respectfully refers the court to the said contract for its complete terms and provisions.

FOURTH: Denies each and every allegation contained in paragraph numbered "124" of the first cross-claim.

FIFTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "125" of the first cross claim.

### AS AND FOR AN ANSWER TO THE SECOND CROSS-CLAIM AGAINST SIEBA, LTD.

SIXTH: Denies each and every allegation contained in paragraphs numbered "126" and "127" of the second cross-claim.

SEVENTH: Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "128" of the second cross-claim.

## AS AND FOR AN ANSWER TO THE
## CROSS-CLAIM FOR COMMON LAW
## <u>INDEMNITY AGAINST SIEBA, LTD.</u>

EIGHTH:   Denies each and every allegation contained in paragraphs numbered "129" and "130" of the cross-claim for common law indemnity.

NINTH:   Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph numbered "131" of the cross-claim for common law indemnity.

## AS AND FOR A FIRST, SEPARATE AND COMPLETE
## <u>AFFIRMATIVE DEFENSE TO ALL CROSS-CLAIMS</u>

TENTH:   Each and every cross-claim asserted by codefendants fail to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND, SEPARATE AND COMPLETE
## <u>AFFIRMATIVE DEFENSE TO ALL CROSS-CLAIMS</u>

ELEVENTH:   If the cross-claimants sustained injuries or damages as alleged in the complaint, such injuries or damages were the result of the culpable conduct of the cross-claimants. Should it be found that the defendant, Sieba, Ltd., is liable to cross-claimants, any such liability being specifically denied, then the defendant, Sieba, Ltd., alleges that if any damages are found, they are to be apportioned among the defendant, Sieba, Ltd. and the cross-claimants according to the degree of responsibility that each will be found to have in proportion to the entire measure of responsibility pursuant to CPLR § 1412.

**WHEREFORE**, defendant, Sieba, Ltd., demands judgment dismissing the cross-claims together with the costs and disbursements of this action.

          L'ABBATE, BALKAN, COLAVITA
          & CONTINI, L.L.P.

By: _____
Peter L. Contini, Esq. (PC 0169)
Attorneys for Defendant
Sieba Ltd.
1001 Franklin Avenue, Third Floor
Garden City, New York  11530
(516) 294-8844

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) SS.:
COUNTY OF NASSAU     )

**KAREN R. LUCERO**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides at Nassau County, New York.

That on the 19th day of July, 2007, deponent served the within **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SIEBA, LTD.'S MOTION TO DISMISS COMPLAINT** upon:

Jeffrey S.E. Sculley, Esq.
RIDER, WEINER & FRANKEL, P.C.
Attorneys for Plaintiff
655 Little Britain Road
New Windsor, New York 12553
(845) 562-9100

Richard Golden, Esq.
BURKE, MIELE & GOLDEN, LLP
Attorneys for Defendants
Fulton Chevrolet-Cadillac Co., Inc.,
Fulton Chevrolet Co., Inc.,
Highpoint Chevrolet, Inc. and
Fulton/High Point Chevrolet
Group Health Benefit Program
30 Matthews Street, Suite 303A
P. O. Box 216
Goshen, New York 10924
(845) 294-4080

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

**KAREN R. LUCERO**

Sworn to before me this 19th day of September, 2007.

Notary Public

PETER L. CONTINI
Notary Public, State of New York
No. 4637417
Qualified in Suffolk County
Commission Expires July 31, 20_10_