UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
――――――――――――――――――――――――X
CATHERINE V. SIKORSKI AND JOHN SIKORSKI

                             Plaintiffs,

-against-

FULTON CHEVROLET-CADILLAC CO., INC.,
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGH POINT
CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, SIEBA, LTD., and JOHN DOES
"1" through "3", WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN,

                             Defendants.
――――――――――――――――――――――――X
FULTON CHEVROLET-CADILLAC CO., INC.,
HIGHPOINT CHEVROLET, INC. and FULTON/
HIGH POINT CHEVROLET GROUP HEALTH
BENEFIT PROGRAM ("the Plan"),

                 Third-Party Plaintiffs,
-against-

THE ANCHOR GROUP AND KEN HUTCHINGS,

               Third-Party Defendants.
――――――――――――――――――――――――X

PLAINTIFFS' FIRST SET OF
INTERROGATORIES TO
THIRD-PARTY DEFENDANTS

07 Civ 3906 (CLB)(LMS)

     PLEASE TAKE NOTICE that, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure and Rule 33.3 of the Civil Rules for the Southern District of New York, plaintiffs Catherine V. Sikorski and John Sikorski serve their First Set of Interrogatories and Request for Production of Documents on third-party defendants The Anchor Group and Ken Hutchings., to be answered under oath by a person with knowledge of the facts, in accordance with the above-referenced rules, on or before November 5, 2007 at the offices of Rider, Weiner & Frankel, P.C., attorneys for plaintiffs, 655 Little Britain Road, New Windsor, NY 12553.

## Instructions For Responding to Interrogatories and for Producing Documents

1. Each interrogatory calls for all information that is known or available to you, including all information in the possession of your employees, agents, attorneys, accountants, auditors, or other professional persons or experts, and any investigators or any persons acting on your behalf or under you or your attorneys' employment, direction and/or control.

2. If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure information to do so, please so state and answer such interrogatory to the extent you deem possible. Specify the portion of such interrogatory you claim you are unable to fully and completely answer, and further specify the facts on which you rely to support your contention that you are unable to answer the interrogatory fully and completely. State the knowledge, information or belief you have concerning the unanswered portion of such interrogatory, and state fully, completely and in detail the acts done and inquiries made by you to show that you have exercised due diligence to make inquiries and to secure the information necessary to answer the interrogatory.

3. If you are asserting that part of any response to an interrogatory is privileged, specify the grounds therefor, identifying the alleged privileged documents or conversations by date, author, recipient and general subject matter and provide all information responsive to the interrogatory which does not fall within the claim of privilege.

4. Should any document be withheld from production on any basis, the following shall be separately stated for each document withheld:

    (a) The date(s) of the document;

    (b) The document's author(s) or originator(s);

  (c)  The title(s) and the duties of the author(s) or originator(s);

  (d)  All addressees or recipients of the document and all persons coming into possession of the document;

  (e)  The subject matter(s) of the document;

  (f)  The number of pages of the document; and

  (g)  The precise basis for the privilege claimed or the objection made with respect to the document.

 5. Should any thing or item be withheld from production on any basis, the following shall be separately stated for each thing or item:

  (a)  A description of the thing or item;

  (b)  The method in which or person(s) from whom the thing or item was obtained; and

  (c)  The precise basis for the privilege claimed or the objection made with respect to the thing or item.

 6. Unless otherwise specified, the time period covered by these requests is January 1, 2002 to-date.

## INTERROGATORIES

 1. Identify each officer, agent, employee or representative of The Anchor Group. who negotiated the contract for services between The Anchor Group and Fulton Chevrolet-Cadillac Co., Inc., Fulton Chevrolet Co., Inc., High Point Chevrolet, Inc. (the "Dealerships"), and Fulton/High Point Chevrolet Group Health Benefit Program (the "Plan") (collectively "Fulton Defendants").

3

2. Identify each officer, agent, employee or representative of The Anchor Group who negotiated the contract for services between third-party defendants The Anchor Group and Ken Hutchings, Diversified Concepts, and Sieba, Ltd.

3. Identify each officer, agent, employee or representative of The Anchor Group who negotiated the contract for services between third-party defendants The Anchor Group and Ken Hutchings and any third-party administrator.

4. Identify each officer, agent, employee or representative of The Anchor Group who had any communications with Sieba, Ltd. referring or relating to the termination of the Plan; and identify and furnish a copy of all documents referring or relating thereto.

5. Identify each officer, agent, employee or representative of The Anchor Group who had any communications with the Dealerships referring or relating to the termination of the Plan; and identify and furnish a copy of all documents referring or relating thereto.

6. Identify each officer, agent, employee or representative of The Anchor Group who had any communications with the Plan referring or relating to the termination of the Plan; and identify and furnish a copy of all documents referring or relating thereto.

7. Identify each officer, agent, employee or representative of The Anchor Group who had any communications with Sieba, Ltd. referring or relating to Catherine Sikorski; and identify and furnish a copy of all documents referring or relating thereto.

8. Identify each officer, agent, employee or representative of The Anchor Group who had any communications with the Dealerships referring or relating to Catherine Sikorski; and identify and furnish a copy of all documents referring or relating thereto.

RIDER, WEINER & FRANKEL, P.C.
P. O. BOX 2280 • NEWBURGH, N.Y. 12550 • (845) 562-9100

9. Identify each officer, agent, employee or representative of The Anchor Group who had any communications with the Plan referring or relating to Catherine Sikorski; and identify and furnish a copy of all documents referring or relating thereto.

10. Identify and furnish a copy of each document on which third-party defendant The Anchor Group will rely at trial in support of its claims and defenses.

Dated: October 4, 2007
       New Windsor, NY

Rider, Weiner & Frankel, P.C.
Attorneys for Plaintiffs
655 Little Britain Road
New Windsor, NY 12553
(845)562-9100

By: _____
Jeffrey S.E. Sculley (JS7658)

TO: Michael K. Burke (MB7554)
Burke, Miele & Golden, LLP
Attorneys for The Fulton Defendants
30 Matthews Street, Suite 303A
PO Box 216
Goshen, NY 10924

Peter L. Contini, Esq. (PC0169)
L'Abbate, Balkan, Colavita & Contini, LLP
Attorneys for Defendant Sieba, Ltd.
1001 Franklin Avenue
Garden City, NY 11530

The Anchor Group
Ken Hutchings
Third-Party Defendants
3172 Pepperwood Bend
Marcellus, NY 13108

STATE OF NEW YORK )
) ss.:
COUNTY OF ORANGE )

Cheryl R. Churney, being duly sworn, deposes and says:

I am not a party of this action, am over 18 years of age, and reside at Newburgh, New York.

On October 4, 2007, I served the within Plaintiffs' First Set of Interrogatories to Third-Party Defendants via first class mail, by depositing a true copy thereof, in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to the following person at the last known address set forth after each name:

Peter Contini, Esq. (PC-0169)
L'Abbate, Balkan, Colavita & Contini, LLP
Attorneys for Defendant Sieba, Ltd.
1001 Franklin Avenue
Garden City, NY 11530

Michael K. Burke (MB7554)
Burke, Miele & Golden, LLP
Attorneys for the Fulton Defendants
30 Matthews Street, Suite 303A
PO Box 216
Goshen, NY 10924

The Anchor Group
Ken Hutchings
Third-Party Defendants
3172 Pepperwood Bend
Marcellus, NY 13108

_____
Cheryl R. Churney

Sworn to before me this
4th day of October, 2007.

_____
Notary Public

DONNA L. SMITH
Notary Public, State of New York
Reg. No. 01SM6062804
Appointed in Orange County
Commission Expires August 20, 20___