UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
CATHERINE V. SIKORSKI and JOHN SIKORSKI,

                                               Plaintiffs,

               -against-

FULTON CHEVROLET-CADILLAC., INC.
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGH POINT
CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, SIEBA, LTD., AND JOHN DOES
"1" THROUGH "3" WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN,

                                         Defendants.
-------------------------------------------------------------------------x
FULTON CHEVROLET-CADILLAC CO., INC.
HIGHPOINT CHEVROLET, INC. AND FULTON/
HIGHPOINT CHEVROLET GROUP HEALTH
BENEFIT PROGRAM ("the Plan"),

                          Third-Party Plaintiffs,

        -against-

THE ANCHOR GROUP and KEN HUTCHINGS,

                        Third-Party Defendants.
-------------------------------------------------------------------------x

CIVIL ACTION NO.
7:07-CV-3906
(CLB)(LMS)

**ANSWER TO THIRD -
PARTY COMPLAINT**

       Third-party defendants, The Anchor Group, LLC, sued herein as The Anchor Group

("Anchor"), and Ken Hutchings ("Hutchings"), as and for their answer to the Third Party

Complaint, by their attorneys, Sullivan & Manarel, LLP, allege upon information and belief

as follows:

**Nature of Action, Jurisdiction and Venue**

       Responding third-party defendants deny each and every allegation contained in the

unnumbered paragraphs of the Third Party Complaint contained in the above-captioned

section, to the extent that they contain allegations of fact, except admit that the responding third-party defendants are doing business in the District within the State of New York and their principal place of business is in the State of New York, and refer all questions of law for determination by the Court..

## The Parties

FIRST:   Responding third-party defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained in paragraph of the Third Party Complaint marked "1".

SECOND:   Responding third-party defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph of the Third Party Complaint marked "2".

THIRD:   Responding third-party defendants deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph of the Third Party Complaint marked "3".

FOURTH:   Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "4", except admit that Anchor is an insurance brokerage authorized to transact business in New York by the New York State Insurance Department, and that it maintains a business address at 3172 Pepperwood Bend, P.O. Box 200, Marcellus, New York 13108.

FIFTH: Responding third-party defendants admit that Hutchings is the President of Anchor with a business address at 3172 Pepperwood Bend, P.O. Box 200, Marcellus, New York 13108.

**Facts Pertinent to the Claims For Relief**

SIXTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "6", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

SEVENTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "7", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

EIGHTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "8", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

NINTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "9", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to

Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

TENTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "10", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

ELEVENTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "11", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

TWELFTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "12", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

THIRTEENTH: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "13", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully

nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

FOURTEENTH: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "14", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

FIFTEENTH: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "15", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

SIXTEENTH: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "16", except admit the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

SEVENTEENTH: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "17", except admit

the existence of an Amended Complaint, the allegations and contents of which are neither fully nor accurately set forth in the Third Party Complaint, and the Court is respectfully referred to Exhibit "A" of the Third Party Complaint for the allegations and contents of the Amended Complaint.

EIGHTEENTH: Responding third-party defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph of the Third Party Complaint marked "18", and respectfully refer the Court to Exhibits "B" and "C" for the context of the motion papers and opposition.

NINETEENTH: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "19".

TWENTIETH: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "20".

TWENTY-FIRST: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "21".

TWENTY-SECOND: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "22".

TWENTY-THIRD: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "23".

TWENTY-FOURTH: Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "24".

TWENTY-FIFTH: Responding third-party defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph of the Third Party Complaint marked "25".

TWENTY-SIXTH:    Responding third-party defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in paragraph of the Third Party Complaint marked "26".

### As a Response to the First Cause of Action

TWENTY-SEVENTH:  Responding third-party defendants repeat and reallege their responses to the allegations contained in paragraphs of the Third Party Complaint marked "1" through "26" as if fully set forth herein.

TWENTY-EIGHTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "28".

TWENTY-NINTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "29".

THIRTEENTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "30".

THIRTY-FIRST:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "31".

THIRTY-SECOND:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "32".

THIRTY-THIRD:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "33".

THIRTY-FOURTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "34".

THIRTY-FIFTH:    Responding third-party defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph of the Third Party Complaint marked "35".

THIRTY-SIXTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "36".

THIRTY-SEVENTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "37".

THIRTY-EIGHTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "38".

THIRTY-NINTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "39".

FORTIETH:    Responding third-party defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph of the Third Party Complaint marked "40".

### As a Response to the Second Cause of Action

FORTY-FIRST:    Responding third-party defendants repeat and reallege their responses to the allegations contained in paragraphs of the Third Party Complaint marked "1" through "40" as if fully set forth herein.

FORTY-SECOND:    Responding third-party defendants deny each and every allegation contained in paragraph "42" of the Third Party Complaint.

FORTY-THIRD:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "43".

## Response to the Third Cause of Action

FORTY-FOURTH:    Responding third-party defendants repeat and reallege their responses to the allegations contained in paragraphs of the Third Party Complaint marked "1" through "43" as if fully set forth herein.

FORTY-FIFTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "45".

FORTY-SIXTH:  Responding Third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "46", except admit that they acted as a broker to procure "stop loss" insurance coverage for Third-party plaintiff's self-insured employee-benefit welfare plan for the period April 1, 2002 – April 1, 2003.

FORTY-SEVENTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "47", except admit that Anchor received a 15 percentage commission for placement of stop loss insurance coverage for third-party plaintiffs' self-insured employee benefit welfare plan for the period April 1, 2002 – April 1, 2003.

FORTY-EIGHTH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "48", except admit that Anchor terminated the stop loss insurance coverage pursuant to the instructions of Third-party plaintiffs.

FORTY-NINTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "49".

FIFTIETH:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "50".

FIFTY-FIRST:  Responding third-party defendants deny each and every allegation contained in paragraph "51" of the Third Party Complaint.

FIFTY-SECOND:    Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked  "52".

FIFTY-THIRD:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked "53".

FIFTY-FOURTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked  "54".

FIFTY-FIFTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked  "55".

FIFTY-SIXTH:  Responding third-party defendants deny each and every allegation contained in paragraph of the Third Party Complaint marked  "56", respectfully referring all questions of law to the Court.

## As and for a First Affirmative Defense

FIFTY-SEVENTH:  Third Party Complaint as to Anchor must be dismissed as there is no privity of contract between responding third-party defendants and third-party plaintiffs.

## As and for a Second Affirmative Defense

FIFTY-EIGHTH: Third Party Complaint fails to state legally cognizable cause of action as against responding third-party defendants.

## As and for a Third Affirmative Defense

FIFTY-NINTH:  If third-party plaintiffs have sustained any injuries or damages as a result of the matters alleged in the Third Party Complaint, then such injuries and damages

resulted from third party plaintiffs' own culpable and/or negligent conduct and/or the conduct of its agents.

### As and for a Fourth Affirmative Defense

SIXTIETH:   Third-party plaintiff's action must be dismissed because no acts or omissions of Anchor or Hutchings were the proximate cause of third-party plaintiffs' damages.

### As and for a Fifth Affirmative Defense

SIXTY-FIRST:   Third-party plaintiffs' action must be dismissed as the doctrine of assumption of the risk acts as a bar to any recovery.

### As and for a Sixth Affirmative Defense

SIXTY-SECOND:   Third-party plaintiff's action must be dismissed because the doctrine of contributory negligence acts as a bar to any recovery.

### As and for a Seventh Affirmative Defense

SIXTY-THIRD:   The Third Party Complaint must be dismissed because the statute of limitations acts as a bar to any recovery.

### As and for an Eighth Affirmative Defense

SIXTY-FOURTH:   Third-party plaintiffs failed to mitigate their damages .

### As and for a Ninth Affirmative Defense

SIXTY-FIFTH:  In the event that recovery is to be had by third-party plaintiffs in the instant action, any such recovery is limited to the extent that recovery would have been had under any policy of insurance or re-insurance that third-party plaintiffs claim should have been in force but for the alleged negligence or breach of contract of responding third-party defendants.

11

## As and for a Tenth Affirmative Defense

SIXTY-SIXTH: The injuries and damages, if any, allegedly sustained by plaintiffs and third-party plaintiffs were caused by or contributed to, in whole or in part, culpable conduct attributable to some other person or persons over whom responding third-party defendants exercised and exercise no control, without any fault or negligence on the part of the responding third-party defendants contributing thereto. By reason of such, the amount of damages otherwise recoverable by third-party plaintiffs against the responding third-party defendants must be diminished in proportion to such culpable conduct attributable to such other person or persons unknown to the responding third-party defendants.

## As and for a Cross-Claim Against Sieba, Ltd

SIXTY-SEVENTH: It is alleged that pursuant to the terms of an employee health benefits plan ("The Plan") established by the third-party plaintiffs, plaintiff Catherine Sikorski was entitled to benefits for medical treatment she received from July 11, 2002 through July 31, 2002, and it is denial of those benefits that allegedly has caused plaintiffs to become liable to pay $431,636.42.

SIXTY-EIGHTH: If the plaintiff was due benefits under The Plan, than it was the duty of co-defendant Sieba, pursuant to a Third Party Service Agreement, to consider whether benefits under The Plan were due and the ensure that adequate stop loss coverage or other coverage was available for pending claims in the event that the self-insured welfare benefit plan was terminated.

SIXTY-NINTH: If the plaintiffs and/or third-party plaintiffs were caused to sustain damages at the time and place set forth in the Amended Complaint and Third Party Complaint through any carelessness, recklessness, and/or negligence including any breach

12

of fiduciary duty other than the plaintiffs' or third-party plaintiffs' own, such damages were sustained solely and directly because of the carelessness, recklessness and negligence, and/or negligent acts of omissions including any breach of a fiduciary duty owed to the plaintiff and third-party plaintiffs by the defendant Sieba, its agents, servants and/or employees.

SEVENTIETH: The claims alleged by the plaintiffs and third-party plaintiffs result from the failures and neglect of Sieba. If the third-party defendants should be found liable to anyone and any liability being specifically denied, then such liability will be premised on the neglect, failure, and breach of contract of Sieba. Accordingly, the third-party defendants are entitled to indemnification from Sieba for any and all amounts paid to third-party plaintiffs of any claim asserted, together with the costs and expenses, including reasonable attorney's fees.

WHEREFORE, Third-party defendants, The Anchor Group, LLC, sued herein as The Anchor Group, and Ken Hutchings, demand Judgment as follows:

(1) dismissal of all causes of action asserted in the Third Party Complaint;

(2) granting of Judgment to third-party defendants on their affirmative defenses;

(3) the reduction of any recovery awarded to third-party plaintiff in proportion to which third-party plaintiffs' culpable conduct and failure to mitigate contributed to its own damages;

(4) if third-party plaintiffs recover judgment against the third-party defendants, that the third-party defendants have judgment against defendant, Sieba, for all or part of any judgment that the third-party plaintiffs may recover against the third-party defendants, together with the costs and disbursements of this action; and

(5) for such other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
       October 25, 2007

SULLIVAN & MANAREL, LLP

By: _____
Robert M. Sullivan (RS-0257)
Attorneys for Third-Party Defendants
THE ANCHOR GROUP, LLC, sued herein
as THE ANCHOR GROUP and KEN HUTCHINGS
1350 Broadway, Suite 1001
New York, New York 10018-7702
(212) 695-0910
Our File No.: 03-333

TO:

BURKE, MIELE & GOLDEN, LLP
Attorneys for Defendant/Third-Party Plaintiff
Fulton Chevrolet-Cadillac Co., Inc.,
Fulton Chevrolet Co., Inc.,
Highpoint Chevrolet Co. Inc. and
Fulton/High Point Chevrolet
Group Health Benefit Program
30 Matthews Street, Suite 303A
P.O. Box 216
Goshen, New York 10924
(845) 294-4080
Attn: Richard Golden, Esq.

RIDER, WEINER & FRANKEL, P.C
Attorneys for Plaintiff
655 Little Britain Road
New Windsor, New York 12553
(845) 562-9100
Attn: Jeffrey S.E. Sculley, Esq.

L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP
Attorneys for Sieba Ltd.
1001 Franklin Avenue, Third Floor
Garden City, New York 11530
(516)294-8844
Attn: Peter L. Contini, Esq.

14

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via Notice of Electronic

Filing for parties, or counsel, who are registered to receive electronic filings.

_____
Robert M. Sullivan (RS0257)