UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

CATHERINE V. SIKORSKI and JOHN SIKORSKI,

                                                    Plaintiffs,

            -against-

FULTON CHEVROLET-CADILLAC., INC.
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGH POINT
CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, SIEBA, LTD., AND JOHN DOES
"1" THROUGH "3" WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN,

                                                    Defendants.

------------------------------------------------------------------------X

FULTON CHEVROLET-CADILLAC CO., INC.
HIGHPOINT CHEVROLET, INC. AND FULTON/
HIGHPOINT CHEVROLET GROUP HEALTH
BENEFIT PROGRAM ("the Plan"),

                        Third-Party Plaintiffs,

            -against-

THE ANCHOR GROUP and KEN HUTCHINGS,

                        Third-Party Defendants.

------------------------------------------------------------------------X

CIVIL ACTION NO.
7:07-CV-3906
(CLB)(LMS)

**ANSWER TO
CROSS-CLAIM OF
SIEBA, LTD.**

          Third-party defendants, The Anchor Group, LLC ("Anchor"), sued herein as The Anchor

Group and Ken Hutchings ("Hutchings"), as and for their answer to the cross-claim by defendant

Sieba, Ltd. ("Sieba"), by their attorneys Sullivan & Manarel, LLP, allege upon information and

belief as follows:

          FIRST:          Responding Third-party defendants deny each and every allegation

contained in paragraph "47" of the cross-claim of Sieba, except admit the existence of a Plan, the

terms and contents of which are neither fully nor accurately set forth in the cross-claim, and

admit that Anchor acted as an insurance broker to procure "stop loss" insurance coverage for the Fulton-Highpoint Chevrolet Group Health Benefit Program for the period April 1, 2002 – April 1, 2003.

SECOND:     Responding Third-party defendants deny each and every allegation contained in paragraph "48" of the cross-claim of Sieba, except admit the existence of a Plan, the terms and contents of which are neither fully nor accurately set forth in the cross-claim.

THIRD:     Responding defendants deny each and every allegation contained in paragraph "49" of the cross-claim of Sieba, except admit the existence of a Plan and contract, the terms and contents of which are neither fully nor accurately set forth in the Cross-Claim.

FOURTH:     Responding defendants deny each and every allegation contained in paragraph "50" of the cross-claim of Sieba.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FIFTH:     If Sieba has sustained any injuries or damages as a result of the matters as alleged in the cross-claim, then such injuries and damages resulted from Sieba's own culpable conduct, and if recoveries are to be had in this action, such recovery must be reduced in proportion to which Sieba's own culpable conduct caused or contributed to its' damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTH:     Sieba's cross-claim should be dismissed because any acts or omissions of Anchor or Hutchings were not the proximate cause of Sieba's damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SEVENTH:     Sieba's cross-claim should be dismissed because it fails to state a claim for which relief should be granted.

WHEREFORE, Third-Party Defendants THE ANCHOR GROUP and KEN HUTCHINGS, demand Judgment as follows:

2

(1)    dismissal of all causes of action by alleged in the cross-claim of Sieba;

(2)    granting of Judgment on the affirmative defenses;

(3)    for such other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
       October 25, 2007

                                        SULLIVAN & MANAREL, LLP

                          By:           _____
                                        Robert M. Sullivan (RS-0257)
                                        Attorneys for Third-Party Defendants
                                        THE ANCHOR GROUP, LLC, sued herein
                                        as THE ANCHOR GROUP
                                        KEN HUTCHINGS
                                        1350 Broadway, Suite 1001
                                        New York, New York 10018-7702
                                        (212) 695-0910
                                        Our File No.:  03-333

TO:

BURKE, MIELE & GOLDEN, LLP
Attorneys for Defendant/Third-Party Plaintiff
Fulton Chevrolet-Cadillac Co., Inc.,
Fulton Chevrolet Co., Inc.,
Highpoint Chevrolet Co. Inc. and
Fulton/High Point Chevrolet
Group Health Benefit Program
30 Matthews Street, Suite 303A
P.O. Box 216
Goshen, New York 10924
(845) 294-4080
Attn: Richard Golden, Esq.

RIDER, WEINER & FRANKEL, P.C
Attorneys for Plaintiff
655 Little Britain Road
New Windsor, New York 12553
(845) 562-9100
Attn: Jeffrey S.E. Sculley, Esq.

L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP
Attorneys for Sieba Ltd.
1001 Franklin Avenue, Third Floor
Garden City, New York 11530
(516)294-8844
Attn: Peter L. Contini, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via Notice of Electronic

Filing for parties, or counsel, who are registered to receive electronic filings.


Robert M. Sullivan (RS0257)