UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
CATHERINE V. SIKORSKI and JOHN SIKORSKI,   Docket No. 07 Civ. 3906
(CLB) (LMS)
                  Plaintiffs,

**ANSWER TO**
- against -      **CROSS-CLAIM**

FULTON CHEVROLET-CADILLAC CO., INC.,
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGH POINT
CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, SIEBA, LTD., and JOHN DOES
"1" through "3", Whose Identities are Currently
Unknown,

                  Defendants.
-------------------------------------------------------------------x
FULTON CHEVROLET-CADILLAC CO., INC.,
HIGH POINT CHEVROLET, INC. AND
FULTON/HIGH POINT CHEVROLET GROUP
HEALTH BENEFIT PROGRAM ("the Plan"),

                  Third-Party Plaintiffs,

    -against-

THE ANCHOR GROUP and KEN HUTCHINGS,

                  Third-Party Defendants.
-------------------------------------------------------------------x

       Defendant, SIEBA, LTD., by its attorneys, L'Abbate, Balkan, Colavita & Contini, LLP, as and for its answer to the cross-claim of third-party defendant, The Anchor Group, LLC, and Ken Hutchings respectfully alleges, upon information and belief, as follows:

       FIRST:     Denies each and every allegation contained in paragraphs "sixty-eighth", "sixty-ninth" and "seventieth" of the cross-claim.

### AS AND FOR A FIRST, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

SECOND: The cross-claim asserted by third-party defendants fails to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND, SEPARATE AND
### COMPLETE AFFIRMATIVE DEFENSE

THIRD: If third-party defendants sustained injuries or damages as alleged in the cross-claim, such injuries or damages were the result of the culpable conduct of the cross-claimants. Should it be found that defendant Sieba, Ltd. is liable to cross-claimants, any such liability being specifically denied, then the defendant Sieba, Ltd. alleges that if any damages are to be found, they are to be apportioned among the defendant Sieba, Ltd. and cross-claimants according to degree of responsibility that each will be found to have in proportion to the entire measure of responsibility.

**WHEREFORE**, defendant, Sieba, Ltd., demands judgment dismissing the cross-claim together with the costs and disbursements of this action.

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By: _____
Peter L. Contini, Esq. (PC 0169)
Attorneys for Defendant
Sieba Ltd.
1001 Franklin Avenue, Third Floor
Garden City, New York 11530
(516) 294-8844

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) SS.:
COUNTY OF NASSAU       )

**KAREN R. LUCERO**, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides at Nassau County, New York.

That on the 7th day of November, 2007, deponent served the within **ANSWER TO CROSS-CLAIM** upon:

Jeffrey S.E. Sculley, Esq.
RIDER, WEINER & FRANKEL, P.C.
Attorneys for Plaintiff
655 Little Britain Road
New Windsor, New York  12553
(845) 562-9100

Richard Golden, Esq.
BURKE, MIELE & GOLDEN, LLP
Attorneys for Defendants
Fulton Chevrolet-Cadillac Co., Inc.,
Fulton Chevrolet Co., Inc.,
Highpoint Chevrolet, Inc. and
Fulton/High Point Chevrolet
Group Health Benefit Program
30 Matthews Street, Suite 303A
P. O. Box 216
Goshen, New York  10924
(845) 294-4080

Robert M. Sullivan, Esq.
SULLIVAN & MANAREL LLP
Attorneys for Third-Party Defendants
The Anchor Group and Ken Hutchings
1350 Broadway – Suite 1001
New York, New York  10018

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
KAREN R. LUCERO

Sworn to before me this
7th day of November, 2007.

_____
Notary Public

PETER L. CONTINI
Notary Public, State of New York
No. 4637417
Qualified in Suffolk County
Commission Expires July 31, 20__