UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────X
CATHERINE V. SIKORSKI AND JOHN SIKORSKI     PLAINTIFFS' RESPONSE TO
                                                                                                                                                                                       FULTON DEFENDANTS' FIRST
                               Plaintiffs,                      SET OF INTERROGATORIES

  -against-

FULTON CHEVROLET-CADILLAC CO., INC.,
FULTON CHEVROLET CO., INC., HIGH POINT
CHEVROLET, INC., FULTON/HIGH POINT                07 Civ 3906 (CLB)(LMS)
CHEVROLET GROUP HEALTH BENEFIT
PROGRAM, SIEBA, LTD., and JOHN DOES
"1" through "3", WHOSE IDENTITIES ARE
CURRENTLY UNKNOWN,
                               Defendants.
──────────────────────────────────────X
FULTON CHEVROLET-CADILLAC CO., INC.,
HIGHPOINT CHEVROLET, INC. and FULTON/
HIGH POINT CHEVROLET GROUP HEALTH
BENEFIT PROGRAM ("the Plan"),

               Third-Party Plaintiffs,
  -against-

THE ANCHOR GROUP AND KEN HUTCHINGS,

               Third-Party Defendants.
──────────────────────────────────────X

     Plaintiffs Catherine V. Sikorski and John Sikorski, by their attorneys Rider, Weiner & Frankel, P.C., respond to the Fulton Defendants' First Set of Interrogatories as follows:

Interrogatory No. 1:

     Identify each officer, agent, employee or representative of the Fulton Defendants with whom plaintiffs had any communication which referred or related to medical treatment/benefits available and/or rendered to, denied or payable of plaintiff, Catherine Sikorski.

Response:

Kelly Worts, Lori Pritchard, Tom Worts and John Worts.

Interrogatory No. 2:

Identify the dates of each such communication identified in interrogatory number 1.

Response:

Plaintiff Catherine Sikorski spoke on the telephone on numerous occasions with Lori Pritchard, some dates of which are in Catherine's handwritten notes, other dates unavailable, and had written letters and/or faxes to Lori Pritchard, including without limitation July 29, 2002; February 2003; April 2003; July 11, 2003; October 2, 2003; May 2004; April 2005; June 2005; October 2005; January 10, 2006; January 18, 2006; February 10, 2006; and March 1, 2006.

Interrogatory No. 3:

Identify each document which refers or relates to medical treatment and or benefits provided to, denied, or paid on behalf of Catherine V. Sikorski. If any such document is included in Plaintiffs Rule 26(A) disclosure identify such documents by Bate Stamp number.

Response:

Documents in plaintiffs' possession which refer or relate to medical treatment and/or benefits provided to, denied or paid on behalf of Catherine V. Sikorski include, without limitation, all documents furnished under plaintiffs' Rule 26 Initial Disclosure, Bates Stamped 0000001 - 0000747.

2

Interrogatory No. 4:

Identify each officer, agent, employee or representative of the Sieba, Ltd., with whom plaintiffs had any communication which referred or related to medical treatment/benefits available and/or rendered to, denied or payable of plaintiff, Catherine Sikorski.

Response:

Barbara Mira; Sheila Thompson; Karen Baxendale; Kate Rogers, and Richard DoBell.

Interrogatory No. 5:

Identify the dates of each such communication identified in interrogatory number 4.

Response:

Plaintiff Catherine Sikorski spoke numerous times with representatives of Sieba, the dates of which were not always written down; however, dates include without limitation October 3, 2003; May 12, 2003; May 13, 2003; June 3, 2003; June 19, 2003; July 11, 2003; October 2, 2003; February 1, 2004; March 4, 2004; and April 26, 2007.

Interrogatory No. 6:

Identify each document which reflects any such communication identified in interrogatory number 4. If any such document is included in Plaintiffs' Rule 26(A) disclosure identify such documents by Bate Stamp number.

Response:

Documents include without limitation those documents previously furnished under plaintiffs' Rule 26 Initial Disclosure, including Bates Stamp 0000015, 0000016, 0000064 - 0000069; 0000139 - 0000143; 0000145 - 0000146; 0000544; 0000644.

3

Interrogatory No. 7:

Identify each officer, agent, employee or representative of MultiPlan, with whom plaintiffs had any communication which referred or related to medical treatment/benefits available and/or rendered to, denied or payable on behalf of plaintiff, Catherine Sikorski.

Response:

Plaintiff had a conversation with Gerard Goodwin of Multiplan.

Interrogatory No. 8:

Identify the dates of each such communication identified in interrogatory number 7.

Response:

In plaintiffs' handwritten notes included in plaintiffs' Rule 26 Initial Disclosure, plaintiff Catherine Sikorski spoke with Mr. Goodwin on May 16, however, no year was noted on the paper.

Interrogatory No. 9:

Identify each document which reflects such communication identified in interrogatory number 7.

Response:

Documents include without limitation those furnished under plaintiffs' Rule 26 Initial Disclosure, including Bates Stamp 0000549; 0000710.

Interrogatory No. 10:

Identify any other individual with whom plaintiffs communicated referring or relating to pre-approval/pre-certification of medical treatment for plaintiff, Catherine V. Sikorski.

4

Response:

Plaintiffs did not speak directly with Sieba to obtain pre-approval/pre-certification of Catherine Sikorski's treatment, but believe that Mrs. Sikorski's physician Dr. Lancman's office and/or HUMC undertook to obtain the pre-approval/pre-certification. As per a subsequent conversation Mrs. Sikorski had with Barbara Mira at Sieba, the pre-approval/pre-certification was granted on July 8, 2002, code FT1010, which appears on all of the HUMC hospital statements of services and itemized billing. Plaintiffs were never told that pre-certification had ever been denied.

Interrogatory No. 11:

Identify the date of all such communications identified in interrogatory number 10.

Response:

Plaintiffs are not in possession of any documents regarding the pre-approval/pre-certification of her treatment. However, as per a conversation Mrs. Sikorski had with Barbara Mira at Sieba, the pre-approval/pre-certification was granted on July 8, 2002, code FT1010, which appears on all of the HUMC hospital statements of services and itemized billing.

Interrogatory No. 12:

Identify each document which reflects all such communication identified in interrogatory number 10.

Response:

Plaintiffs' handwritten notes of her conversation with Ms. Mira are listed in the documents furnished by plaintiffs in their Rule 26 Initial Disclosure, including without limitation Bates Stamp 0000070.

5

Interrogatory No. 13:

Identify each medical provider who treated plaintiff, Catherine V. Sikorski for whom it is claimed benefit payments are due.

Response:

Dr. Arno Fried, Hackensack University Pediatrics Association ("HUMC Peds"); Dr. Marcelo E. Lancman, Epilepsy & Neurophysiology ("E&N"); and Hackensack University Medical Center ("HUMC").

Interrogatory No. 14:

Identify the dates of treatment and the amount of payments claimed to be due to each provider identified in interrogatory number 6.

Response:

Dates of service range from admission date to Hackensack University Medical Center for the period July 11, 2002 through August 6, 2002. All charges for services dates of August 1 - August 6, 2002 relating to Mrs. Sikorski were paid in full by Blue Cross/Blue Shield, the subsequent insurance carrier engaged by the Fulton Defendants to replace the Sieba, Ltd. plan, which upon information and belief, was terminated July 31, 2002. The outstanding balance due is for July 11, 2002 through July 31, 2002, as follows: the outstanding balance due to HUMC Peds is $14,564.00; the outstanding balance due to E&N is $50,100.00; and the outstanding balance due to HUMC is $310,189.15.

Interrogatory No. 15:

Identify each individual from whom plaintiffs have sought assistance in obtaining benefits which are claimed to be due under the Plan.

6

Response:

Plaintiffs object to this interrogatory as being overly broad and unduly burdensome. Without waiving such objection, plaintiff Catherine Sikorski sought assistance from Marta Beck, Todd Kempton, Jennifer Pierson, Miss Gregory, Elaine Parker, Ann Goodwill, Diane Thomas, "Tanya", Bridget Santucci, Sandy Anderson, "Michael", Annette Burke, all of whom, upon information and belief, are at HUMC; Kate Rogers, Karen Baxendale, and Sheila Thompson, of Sieba; Toni O'Reilly and Jonathan Kay of the U.S. Department of Labor; Eliot Spitzer, Attorney General of the State of New York; Heter Harvey, Attorney General of the State of New Jersey; William Bonhag of the New Jersey Department of Banking and Insurance; Toni Berstein of the Employee Benefits Society; Alice Leaman and James Lytle of Manat, Phelps & Phillips.

Interrogatory No. 16:

Identify the date upon which plaintiffs learned that benefits for medical treatment received had not been paid.

Response:

Plaintiffs object to this interrogatory as being unclear and argumentative; and beyond the permissible scope of interrogatories under the Local Rules. Without waiving such objection, plaintiffs, upon information and belief, began receiving statements for the service dates in question in or about October 2002 but were assured they would be paid. None of the defendants ever informed plaintiffs that the bills would not be paid. In fact, a bill or bills were processed in late 2002 and in early 2003. During the next two years defendants in their correspondence with government agencies plaintiffs contacted indicated that they were looking into the issue.

7

paid. In fact, a bill or bills were processed in late 2002 and in early 2003. During the next two years defendants in their correspondence with government agencies plaintiffs contacted indicated that they were looking into the issue.

Interrogatory No. 17(identified in Fulton Defendants' document as No. 13):

Identify all explanation of benefits, claims forms, payment denials, invoices, statements, charges for services rendered referred to or relating to the plaintiff Catherine V. Sikorski for which it is claimed benefits have been denied; if any such documents are included in plaintiffs' Rule 26(a) disclosure, identify such documents by Bate Stamp number.

Response:

See all documents included under plaintiffs' Rule 26 Initial Disclosure, Bates Stamp 0000001 - 0000747.

Plaintiffs reserve the right to supplement their answers to the above interrogatories as information and records may become available.

Dated: November 19, 2007      Rider, Weiner & Frankel, P.C.
New Windsor, NY      Attorneys for Plaintiffs
655 Little Britain Road
New Windsor, NY 12553
(845)562-9100

By: _____
Michael J. Matsler (MM8139)

TO:  Michael K. Burke (MB7554)
Burke, Miele & Golden, LLP
Attorneys for the Fulton Defendants
30 Matthews Street, Suite 303A
PO Box 216
Goshen, NY 10924

Robert M. Sullivan, Esq.
Sullivan & Manarel, LLP
Attorneys for The Anchor Group and Ken Hutchings
1350 Broadway, Suite 1001
New York, NY 10018

STATE OF NEW YORK )
) ss.:
COUNTY OF ORANGE )

Catherine V. Sikorski, being duly sworn, deposes and says:

I am one of the plaintiffs in the above-referenced action. I attest that I have read the foregoing answers to interrogatories and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true based upon the records and information maintained by plaintiff, or furnished by the defendants or third parties.

_____
Catherine V. Sikorski

Sworn to before me this
19th day of November, 2007.

_____
Notary Public

CHERYL R. CHURNEY
Notary Public, State of New York
Qualified in Orange County
Registration #01CH4960202
Commission Expires December 18, 2001

STATE OF NEW YORK  )
                   )SS.:
COUNTY OF ORANGE   )

Cheryl R. Churney, being duly sworn, deposes and says:

On November 19th, 2007, I served the within Plaintiffs' Response to Fulton Defendants' First Set of Interrogatories, via first class mail, by depositing a true copy thereof, enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State, addressed to the following person at the last known address:

Michael K. Burke (MB7554)
Burke, Miele & Golden, LLP
Attorneys for the Fulton Defendants
30 Matthews Street, Suite 303A
PO Box 216
Goshen, NY 10924

Peter Contini, Esq. (PC-0169)
L'Abbate, Balkan, Colavita & Contini, LLP
Attorneys for Defendant Sieba, Ltd.
1001 Franklin Avenue
Garden City, NY 11530

Robert M. Sullivan, Esq.
Sullivan & Manarel, LLP
Attorneys for The Anchor Group and Ken Hutchings
1350 Broadway, Suite 1001
New York, NY 10018

_____
Cheryl R. Churney

Sworn to before me this
19th day of November, 2007.

_____
Notary Public
ELIZABETH M. BACKER
Notary Public, State of New York
Qualified in Orange County
Reg. No. 4502858
Commission Expires March 30, 20 11

RIDER, WEINER & FRANKEL, P.C.
P. O. BOX 2280  •  NEWBURGH, N. Y. 12550  •  (845) 562-9100